**CITY OF ST. LOUIS, Respondent,**

v.

**Mary T. WILLIAMS, Appellant.**

**CITY OF ST. LOUIS, Respondent,**

v.

**Joseph ROSENBERGER, Appellant.**

**CITY OF ST. LOUIS, Respondent,**

v.

**Mario J. CIRIO, Appellant.**

**Nos. 47848–47850.**

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Morris A. Shenker, Bernard J. Mellman, St. Louis, for appellants.

Thos. J. Neenan, City Counselor, Eugene P. Freeman, Associate City Counselor, David S. Hemenway, Thomas F. Shanahan, Asst. City Counselors, St. Louis, for respondent.

HOLMAN, Commissioner.

These three obscenity cases originated in the City Court of the City of St. Louis. Each of the defendants was acquitted upon trial of the cases in that court. The City appealed to the St. Louis Court of Criminal Correction where trial before the court resulted in findings that each of the defendants was guilty and the punishment in each case was fixed at a fine of $100. The defendant in each case has appealed. The parties have been permitted to file consolidated briefs and the cases were consolidated upon our docket for the purpose of argument. In seeking leave to file consolidated briefs the parties joined in a motion wherein it was agreed "that the issues involved in the appeals in these cases are substantially identical, and that the facts in each case are in substance the same or similar." In the situation presented all of the cases will be disposed of in this opinion. Our references herein will be to matters appearing in the transcript filed in the Williams case.

We have jurisdiction of this appeal because constitutional questions have been timely and properly presented. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

Appellants were charged with violating Section Two of Ordinance No. 47516 of the City of St. Louis, which reads as follows: "It shall be unlawful for any person to sell, offer for sale, attempt to sell, exhibit, give away, distribute, keep in his possession with intent to sell or give away, or in any way furnish or attempt to furnish to any minor, any picture, comic book, magazine

or other publication which is of an obscene or indecent nature."

In the amended complaint it was charged "that the said Mary Theresa Williams did on January 20, 1958, at the premises aforesaid while in charge thereof display a magazine of obscene and indecent nature known as 'The Dude' March 1958 issue at a location within and upon said premises where the same may be seen by a minor visiting such premises; that the said defendant Mary Theresa Williams on January 20, 1958, at the premises aforesaid, while in charge thereof, while displaying 'The Dude' as aforesaid, did intend to sell, did offer for sale, attempt to distribute and furnish such magazine to minors in violation of said ordinance, and contrary to the law in such case made and provided."

■ We are of the opinion that the recent decision of the Supreme Court of the United States in Smith v. People of State of California, 361 U.S. 147, 80 S.Ct. 215, 216, 4 L.Ed.2d 205, is controlling herein and upon the basis thereof we rule as hereinafter explained, that the section of the ordinance heretofore set out is unconstitutional and void. In view of our decision in that regard we will not reach a number of contentions briefed by appellants, and a brief statement of facts will suffice.

Police Lieutenant Dorn testified that upon the date in question he entered the Taylor-Easton Drug Store at about 2:30 p. m.; that there was a rack for the display of magazines located about three feet from the door; that two copies of the magazine "Dude" were displayed on the bottom shelf of the rack; that he picked up a copy of "Dude" and took it to the counter and gave Mrs. Williams 50 cents, the price stated thereon; that Mrs. Williams accepted the money and he then identified himself and placed her under arrest; that he subsequently exhibited a portion of the contents of the magazine to her and she stated that she had not examined the contents of the magazine since it had been delivered by the Pierce News Company and had no knowledge of its contents; that Mrs. Williams was one of three employees in the store at the time the magazine was purchased.

In the Smith case the Los Angeles city ordinance involved made it unlawful "for any person to have in his possession any obscene or indecent writing, book, pamphlet * * * in any place of business where * * * magazines, books, * * * are sold or kept for sale * * *." Defendant therein was convicted under the provisions of said ordinance of having had possession, in his book store, of an obscene book. It was held that the ordinance could not stand because it did not require proof of scienter, i. e., knowledge by the defendant of the contents of the book, with the result that strict criminal liability was imposed upon the bookseller for possession of an obscene book.

"It is no longer open to doubt that the liberty of the press and of speech is within the liberty safeguarded by the due process clause of the Fourteenth Amendment from invasion by state action. It was found impossible to conclude that this essential personal liberty of the citizen was left unprotected by the general guaranty of fundamental rights of person and property." Near v. State of Minnesota, 283 U.S. 697, 707, 51 S.Ct. 625, 628, 75 L.Ed. 1357. It is held, however, in Roth v. United States, 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498, that "obscenity is not within the area of constitutionally protected speech or press."

In Smith, supra, the court pointed out that the states have no "power to restrict the dissemination of books which are not obscene; and * * * by dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally-protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has inspected * * *.

·If the contents of bookshops and periodical stands were restricted to material of which their proprietors had made an inspection, they might be depleted indeed. The bookseller's limitation in the amount of reading material with which he could familiarize himself, and his timidity in the face of his absolute criminal liability, thus would tend to restrict the public's access to forms of the printed word which the State could not constitutionally suppress directly." And "the distribution of all books, both obscene and not obscene, would be impeded." 80 S.Ct. loc. cit. 218, 219. The court recognized that proof of knowledge could be made by circumstantial evidence but, as stated, disapproved the fact that the ordinance failed to require any proof of scienter.

■ Respondent seeks to avoid the force of the Smith case by advancing the contention that it, in fact, did offer substantial circumstantial evidence tending to prove that appellants were aware of the contents of the magazine and hence the court properly overruled the motions for judgments of acquittal. Assuming (but not deciding) that the evidence disclosed appellant's knowledge of·the contents of the magazine, we are of the opinion that that fact would not validate a prosecution based upon the provisions of ·a section of an ordinance which was unconstitutional and void because it failed by its terms to *require* such proof as an element of the offense.

■ It is also contended by respondent that the ordinance in question does actually require the "element of scienter and expressly so states," and therefore the Smith decision has no application to these cases. That assertion is based on the use of the words "with intent to" in the section of the ordinance heretofore quoted. We are unable to agree with that construction of the words involved. It is our view that the words "with intent to" refer solely to the word possession. In other words, it is made an offense by the ordinance to possess a publication of an obscene nature "with intent to" furnish it to a minor. The words in

question have nothing to do with any requirement that a defendant shall have knowledge of the contents of the publication.

In a final effort to avoid the application of Smith, respondent has suggested that even if the Board of Aldermen failed to include the requirement of scienter in the ordinance by express language "the court will read such requirement into the proscription of the offense." It cites State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 946, 103 A.L.R. 1301, wherein it is stated that "Ordinarily, when an act is made criminal by statute, the existence of a criminal intent is to be regarded as essential, even when not in terms required."

■■ We think the rule stated in the Hefflin case has no application here. "Whether or not criminal intent or knowledge is an element of a statutory crime is a matter of statutory construction to be determined in a given case by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature." 22 C.J.S. Criminal Law § 30, p. 87. Prior to the Smith decision it was generally held that scienter was not a necessary element of the offense of selling or possessing indecent publications. 33 Am.Jur., Lewdness, Indecency and Obscenity, § 5, p. 18; 67 C.J.S. Obscenity § 10 c.(2), p. 34; People v. Shapiro, 6 A.D.2d 271, 177 N.Y.S.2d 670; People v. Richmond County News, Inc., 13 Misc.2d 1068, 179 N.Y.S.2d 76; Commonwealth v. Havens, 6 Pa.Co.Ct.R. 545. As stated in those authorities, it was not considered necessary to allege and prove guilty knowledge unless the statute or ordinance, by its express terms, required that the act prohibited should have been knowingly done. We have already held that the instant ordinance did not expressly contain that requirement. In view of the fact that scienter was not considered an essential element of the offense here charged at the time the ordinance in question was enacted (1955), we cannot reasonably conclude that

**20**

the Board of Aldermen intended that scienter should, by implication, be included as an essential element of the offenses therein defined and prohibited. We are unable to find any justification for a decision by this court which would "read into" the ordinance the requirement of scienter (as respondent contends we should) when the Board of Aldermen saw fit to enact the ordinance with that requirement omitted.

. For the reasons herein stated the judgments of conviction are, in each case, reversed. . .

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.