**STATE of Missouri, Respondent,**

v.

**Robert Clay BURTON, Appellant.**

No. 48189.

Supreme Court of Missouri,

Division No. 1.

Sept. 11, 1961.

Thomas F. Eagleton, Atty. Gen., William L. Hungate, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Morris A. Shenker, Bernard J. Mellman, St. Louis, for appellant.

HOUSER, Commissioner.

This is a prosecution in which defendant Robert Clay Burton was charged with unlawfully possessing and selling an obscene magazine containing writings, pictures and photographs of an indecent, immoral and scandalous character. Tried to the St. Louis Court of Criminal Correction without a jury, defendant was found guilty and fined $100. He has appealed from the judgment of conviction.

 By motion to dismiss the information appellant questioned the constitutionality of § 563.280,[1] upon which this prosecution was based, on the ground that this section impairs appellant's rights of freedom of speech and freedom of press, in violation of Article I, § 8 of the Constitution of Missouri, the First Amendment and the Due Process and Privileges and Immuni-

1. References are to RSMo 1949, V.A.M.S.

ties clauses of the Fourteenth Amendment to the Constitution of the United States. Constitutional questions having been timely and properly raised and preserved, we are vested with jurisdiction. Article V, § 3, Constitution of Missouri 1945, V.A.M.S.

Section 563.280 provides: "Every person who shall * * * sell, offer for sale or advertise for sale, or have in his possession, with intent to sell or circulate, or shall give away, distribute or circulate any obscene, lewd, licentious, indecent or lascivious book, pamphlet, paper, * * * picture, photograph, * * * article or other publication of indecent, immoral or scandalous character, * * * shall, on conviction thereof, * * *" be fined or imprisoned in jail.

On July 20, 1959 a detective of the St. Louis Police Department went to a newsstand located at 4th and Locust Streets where two or three thousand magazines were offered for sale, went to a rack where the magazines were prominently displayed, and selected two copies of the August, 1959 edition of "He" magazine, paid 70¢ to defendant, and then arrested the defendant. Defendant, the clerk in charge of the stand, was a salaried employee of the owner. Defendant had nothing to do with the purchase or selection of magazines there offered for sale. There was no evidence that defendant had any knowledge of the contents of the magazine in question.

■ In 1959, in Smith v. People of State of California, 361 U.S. 147, 80 S.Ct. 215, 218, 4 L.Ed.2d 205, the Supreme Court of the United States had before it an ordinance which prohibited any person from having an obscene book in his possession in a bookshop. The ordinance included no element of scienter. It imposed a strict or absolute liability, regardless of knowledge of the contents of the book. The majority opinion held that the complete elimination of the scienter requirement conflicted with the First and Fourteenth Amendments to the federal constitution, and might tend to restrict the freedom of speech and of the

press; that the ordinance "tends to impose a severe limitation on the public's access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has inspected; and thus the State will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature. * * *" It would obligate the bookseller "to make himself aware of the contents of every book in his shop," thus restricting the public's access to reading matter and inhibiting constitutionally protected expression. Section 563.280 imposes strict or absolute criminal liability without requiring any element of scienter, or knowledge by the accused of the contents of the magazine. It must be declared unconstitutional under the controlling ruling of Smith v. People of State of California, supra. Recently we were obliged, for the same reason, to strike down a section of an ordinance of the City of St. Louis prohibiting the sale of, or possession with the intent to sell or furnish, obscene magazines to minors. City of St. Louis v. Williams, Mo.Sup., 343 S.W.2d 16.

■ The Attorney General maintains that this conviction should be upheld notwithstanding § 563.280 does not expressly require scienter as an element of the crime, because an accused's constitutional rights are not invaded where scienter is proved; that the proof of scienter required by the Smith case is minimal; that the state proved facts from which the Court may infer the necessary intent; that defendant acted with a reckless disregard of the consequences of his act, from which the Court may infer constructive or fictitious intent; that magazine sellers may not disclaim general knowledge of what they have for sale, bury their heads in the sand like an ostrich, shut their eyes to that which they can readily see and shut their minds to that which they should and easily could know. Proof of scienter, however, will not supply the deficiency in a statute unconstitutional by rea-

son of its failure to require scienter as a constituent element of the offense. An unconstitutional statute is void, and no amount of proof will make it constitutional. It is as though it never existed. Proof cannot validate that which is void. In City of St. Louis v. Williams, supra, 343 S.W.2d, loc. cit. 19, we expressly held that proof of knowledge of the contents of a magazine "would not validate a prosecution based upon the provisions of a section of an ordinance which was unconstitutional and void because it failed by its terms to *require* such proof as an element of the offense."

■ Nor can we reasonably read a requirement of scienter into the statute by implication under the rule that when an act is made criminal by statute the existence of a criminal intent is to be regarded as essential even when not in terms required. This for the reason that the statute was enacted at a time when scienter was generally held not a necessary element of the offense of selling or possessing obscene publications. The General Assembly having enacted § 563.280 at a time when under the law the doing of the act, without guilty knowledge, was generally regarded as sufficient to constitute the crime, and when scienter had to be expressly provided for in the statute before allegation and proof thereof was required, we cannot reasonably and realistically conclude that the General Assembly intended that scienter be one of the constitutent elements of the offense, by implication. The omission of the requirement of scienter, under the then-existing state of the law, doubtless was intentional. The same conclusion was reached in City of St. Louis v. Williams, supra, 343 S.W.2d, loc. cit. 19, 20. This conclusion is borne out by the fact that the Seventy-First General Assembly passed Senate Bill No. 194, which repeals §§ 563.280 and 563.310 (the latter relating to the sale of obscene literature to minors) and enacts in lieu thereof two new sections expressly requiring that the proscribed acts be done "knowingly." The bill carried an emergency clause whereby it will be effective from and after its passage and approval. Senate Bill No. 194 was approved by the Governor on July 10, 1961.

These considerations completely dispose of the appeal and obviate the necessity of considering the several subordinate points relied on by appellant.

Accordingly, the judgment of conviction is reversed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.