**STATE of Misosuri, Plaintiff-Respondent,**

v.

**Richard Lee DUNCAN and Myra Ann Lashley, Defendants-Appellants.**

**No. 34706.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 8, 1973.

Robert A. Hampe, Robert H. Wendt, Richard L. Daly, St. Louis, for defendant-appellants.

Thomas W. Shannon, Pros. Atty., Robert Hoffman, Richard A. Knutson, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants were found guilty and fined for violation of Section 563.280, RSMo 1969, V.A.M.S., the possession of obscene material with intent to circulate it.

A policewoman entered a bookstore in the City of St. Louis on February 4, 1972. Defendant Lashley was a clerk in the store at that time. The policewoman observed the front room of the bookstore and then went into the back room. She heard sounds of "moaning and groaning" and observed six or eight men waiting in line to view mini-movie machines. She returned to the front room and inquired about the sounds and was told by defendant Lashley that they emanated from the movie machines and "[t]hey are really hardcore pornography films." Lashley advised the policewoman the best time to see the movies was in the morning when the store first opened.

The policewoman returned the next morning and was again told by Lashley "[t]hey are real hardcore." The policewoman viewed three of the films. The machines, 8 mm., work automatically upon the insertion of twenty-five cents and run for approximately a minute. Each additional segment requires another quarter and to view one complete film would cost two dollars. After viewing the films the policewoman returned to the front room where she encountered defendant Duncan who was placing magazines on the racks. He also advised her the movies were "hardcore pornography." She then made some purchases and left the store, returning shortly thereafter with other officers. Both defendants were arrested and the three movie machines viewed by the policewoman were seized.

Defendants make three contentions on this appeal: (1) the statute is unconstitutionally vague; (2) the seizure was made without an adversary proceeding to determine obscenity; and (3) defendants' scienter was established by statements made before Miranda warnings were given.

█ In State v. Becker, 364 Mo. 1079, 272 S.W.2d 283 (1954), Section 563.280 was held not to be unconstitutionally vague. It has been amended since that time only to add the word "knowingly" to overcome the absence of scienter found fatally defective in State v. Burton, 349 S.W.2d 228 (Mo.1961). It has been recognized that as to obscenity statutes some vagueness is inevitable. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). The constitutionality of this statute having already been determined contrary to defendants' contention we find their first point without merit.

█ The film seized was that which had been viewed by the policewoman. De-

fendants have not challenged the court's finding that the films were obscene and it is difficult to see how they could do so. The films were of the "stag" variety and vividly depicted intercourse, fellatio and cunnilingus. The only portion of the films not specifically devoted to those subjects is the brief period it takes the participants to get undressed. The films were seized pursuant to the arrest of defendants in order to preserve them for evidentiary purposes. The arrest was made after the policewoman had viewed the films. Such an arrest was proper without a warrant as defendants had committed a misdemeanor in the presence of the policewoman.[1] Nor is defendants' reliance upon Marcus v. Property Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961) well placed. That case required a hearing on obscenity before seizure of obscene material could be made for the purposes of *destruction* pursuant to Section 563.285, RSMo1969, V.A.M.S.

In State v. Smith, 422 S.W.2d 50 [36–41] (Mo. banc 1967) our Supreme Court analysed the meaning of *Marcus* and Section 563.285 on prosecutions under Sec. 563.280 as follows: "Section 563.285 does not refer to § 563.280 and in prosecutions under § 563.280 does not require a prior judicial determination of obscenity before books found on the premises following a lawful arrest for possessing obscene matter with intent to sell can be taken into possession as evidence in the case, either in terms or by necessary implication." See also State v. Hartstein, 469 S.W.2d 329 [3, 4] (Mo.1971), reversed on other grounds 404 U.S. 988, 92 S.Ct. 531, 30 L.Ed.2d 539 (1971). The admission into evidence of the seized films was proper.

■ Defendants' contention that their statements to the policewoman before arrest were inadmissible because made prior

to Miranda warnings is also without merit. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was restricted to in-custody statements of defendants and specifically excluded voluntary statements. The statements here were not made while defendants were in custody and were volunteered.

The judgment against each defendant is affirmed.

SIMEONE, KELLY, and McMILLIAN, JJ., concur.

---

1. Additionally, police officers of the City of St. Louis are authorized to arrest without a warrant any person whom they have reasonable grounds to believe has committed a misdemeanor even when that does not occur in their presence. State v. Vollmar, 389 S.W.2d 20 [2–5] (Mo. 1965).