THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
LEE FOON, Respondent.

Submitted June 4, 1937; decided July 13, 1937.

*William Copeland Dodge, District Attorney (Erwin N. Schapira* of counsel), for appellant. The motion in arrest of judgment was improperly granted. (*People* v. *Rao,* 271 N. Y. 98; *People ex rel. Jerome* v. *Court of General Sessions,* 112 App. Div. 424; 185 N. Y. 504; *People* v. *Glenn,* 173 N. Y. 395; *People* v. *Hovey,* 92 N. Y. 554; *People* v. *Cully,* 167 App. Div. 332; *People* v. *Willett,* 213 N. Y. 368; *People* v. *Sheffield Farms-Slawson-Decker Co.,* 206 N. Y. 79; *People* v. *Wiechers,* 179 N. Y. 459; *People* v. *D'Argencour,* 95 N. Y. 624; *People* v. *Jackson,* 191 N. Y. 293; *People* v. *Huson,* 187

N. Y. 97; *People* v. *Meakim,* 133 N. Y. 214; *People* v. *Buddensieck,* 103 N. Y. 487.) The information is sufficient. (*Bartell* v. *United States,* 227 U. S. 427; *People* v. *Corbalis,* 178 N. Y. 516; *People* v. *Willis,* 158 N. Y. 392; *People* v. *Peckens,* 153 N. Y. 576; *People* v. *Dumar,* 106 N. Y. 502; *People* v. *Farson,* 218 App. Div. 488; 244 N. Y. 413; *People* v. *Helmer,* 154 N. Y. 596; *People* v. *Devinny,* 227 N. Y. 397; *People* v. *Weldon,* 111 N. Y. 569; *People* v. *Seldner,* 62 App. Div. 357; *People* v. *Knapp,* 206 N. Y. 373; *People* v. *Levy,* 123 Misc. Rep. 845; *People* v. *Abelson,* 162 App. Div. 674; *People* v. *Trainor,* 57 App. Div. 422; *People* v. *West,* 106 N. Y. 293; *People* v. *Williams,* 243 N. Y. 162.) A motion in arrest of judgment is timely only before the pronouncement or rendition of sentence. (4 Blackstone's Comm. 375; 1 Chitty's Crim. Law, 662–664; 9 Halsbury's Laws of England, 376; *Queen* v. *Darby,* 1 Salk. 78; *Rex* v. *Hayes,* 2 Str. 845; *Rex* v.` Robinson,* 2 Burr. 801; *Rex* v. *Lookup,* 3 Burr. 1901; *Travis* v. *State,* 176 Ala. 25; *People* v. *Williams,* 309 Ill. 492; *State* v. *Whittaker,* 152 La. 611; *State* v. *Stickney,* 108 Me. 136; *Manke* v. *People,* 74 N. Y. 415; *People* v. *Bork,* 78 N. Y. 346; *People* v. *Miles,* 173 App. Div. 179.)

*Marks Wolff* for respondent. ` An information in the Court of Special Sessions must be drawn in accordance with section 742 of the Code of Criminal Procedure. (*People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Bogdanoff,* 254 N. Y. 16; *People* v. *Farson,* 244 N. Y. 413.) The information in the case at bar charges no specific crime and states no facts to constitute a crime. (*People* v. *Klein,* 288 N. Y. Supp. 146; *People* v. *Corbalis,* 178 N. Y. 516; *People* v. *Cancel,* 13 P. R. 179.) The motion in arrest of judgment was timely and proper. (*People* v. *D'Argencour,* 95 N. Y. 624; *People* v. *Willett,* 213 N. Y. 368; *People* v. *Wiechers,* 179 N. Y. 459; *People* v. *Sheffield Farms-Slawson-Decker Co.,* 206 N. Y. 79; *People ex rel. Schneider* v. *Hayes,* 108 App. Div. 6.)

CRANE, Ch. J. Information was filed against Lee Foon for the crime of possessing a narcotic drug, com· mitted as follows: " The said defendant, on the 17th day of November, 1936, at The City of New York, in the County of New York, unlawfully did possess and have control of a certain narcotic drug." In the Court of Special Sessions on January 28, 1937, the defendant pleaded guilty and was sentenced to the penitentiary. Thereupon immediately after sentence was pronounced, the defendant's counsel moved in arrest of judgment to dismiss the information as insufficient in law. The motion was granted, we think erroneously.

A motion in arrest of judgment must be made before or at the time when the defendant is called for judgment. (Code Crim. Proc. §§ 331, 469.) The motion here was made after judgment was pronounced and so did not strictly comply with this section, but the whole procedure took place at one time — a continuous hearing, so that this objection is of little consequence. The objection to the sufficiency of the information is more significant.

Section 422 of the Public Health Law (Cons. Laws, ch. 45) reads:

" Acts prohibited. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this article."

" § 421. Definitions. The following words and phrases, as used in this article, shall have the following meanings, unless the context otherwise requires: * * * 14. ' Narcotic drugs ' means coca leaves, opium, cannabis and every substance neither chemically nor physically distinguishable from them."

The illegal possession of such a drug in violation of the Public Health Law is made a misdemeanor by section 1751 of the Penal Law.

The information sufficiently stated the crime, giving the defendant notice that he was charged with having in his

possession a narcotic drug. The law defined what was meant by a narcotic drug so that the information did not have to restate it. The information stated the date, place and the offense, which was a compliance with the requirement of section 742 of the Code of Criminal Procedure. Had the defendant needed more specific information he could have moved to this purpose or asked for a bill of particulars. (*People* v. *West*, 106 N.Y. 293, 295; *People* v. *Williams*, 243 N. Y. 162, 165; *People* v. *Farson*, 244 N. Y. 413, 419.)

The order of the Appellate Division and that of the Court of Special Sessions in arrest of judgment should be reversed, and the judgment of the Court of Special Sessions reinstated.

RIPPEY, J. (concurring). I agree with the conclusion reached by the Chief Judge but not with the reason asserted therefor. The information was fatally defective because it fails to charge a crime in that it does not allege what narcotic drug the defendant possessed or of which he had control. There are several narcotic drugs specifically mentioned in the definition (Public Health Law, § 421). There are other narcotic drugs which are not covered by the statute. For example, alcohol is a strong narcotic when taken in large doses (Encyclopedia Britannica). Had a motion been timely made for the dismissal of the information it must have been granted. It was not made, however, until after sentence had been pronounced. A motion in arrest of judgment may bring up the sufficiency of the information respecting time, place or offense which is material to support the charge. The rule is laid down in Chitty's Criminal Law (Vol. 1, p. 660) that the motion may only be made between the conviction and the sentence, and this ancient rule coming down from King's Bench has not been changed or modified by the provisions of sections 467–469 of the Code of Criminal Procedure. A reading of those sections clearly

indicates that it must be made before sentence is pronounced. The motion came too late in this case.

LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur with CRANE, Ch. J.; RIPPEY, J., concurs in separate opinion; O'BRIEN, J., taking no part.

Ordered accordingly.