(No. 24821.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROSE SOWRD, Plaintiff in Error.

*Opinion filed December 15, 1938.*

ELLIS & WESTBROOKS, BLAINE G. ALSTON, DEFRANTZ R. WILLIAMS, CLAUDE W. B. HOLMAN, and DUDLEY H. THOMAS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Rose Sowrd was convicted in the municipal court of Chicago on an information charging that, not being an apothecary, physician or dentist, she unlawfully had in her possession and under her control "a certain habit-forming drug, to-wit: *Marijuana* without first having a written prescription for said drug, in violation of section 158, chapter 91, Illinois Revised Statutes, 1935." She was sentenced to the house of correction for one year and to pay a fine of $1000 and costs. Her subsequent motion to vacate the judgment and sentence was denied. After she had served about eight months of the imprisonment she prosecuted a writ of error from the Appellate Court for the First District to review the proceeding. The Appellate Court upheld that part of the judgment imposing the fine, but held that under the provisions of the State Reformatory for Women act of 1927, as amended in 1935, (Ill. Rev. Stat. 1937, chap. 23, par. 251,) she should have been sentenced to imprisonment in the reformatory instead of the house of correction. The judgment was reversed and the cause remanded with directions to enter a proper judgment. The cause is here on a writ of error to the Appellate Court.

Several grounds are urged for reversal of the judgment of the trial court and that of the Appellate Court. It is urged that the State Reformatory for Women is a peni-

tentiary and that the judgment of the Appellate Court is void because an offense for which an accused may be sentenced to the penitentiary may be prosecuted only by indictment; that the municipal court had no jurisdiction to sentence the defendant to the house of correction because the punishment provided by law for female offenders of the age of eighteen years, or over, is a sentence and commitment to the State Reformatory for Women. It is further claimed the information fails to charge any criminal offense; that, consequently, the trial court had no jurisdiction of the subject matter, and the judgment and sentence are void. This defense was urged in the trial court on motion to vacate the judgment, and in the Appellate Court. If it is well grounded, defendant is entitled to be discharged regardless of the other issues.

The section of the statute which is charged to have been violated by defendant is section 2 of the Uniform Narcotic Drug act of 1935. (Ill. Rev. Stat. 1937, chap. 38, par. 192.2.) It provides: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act."

Paragraph 14 of section 1 of the same act provides: " 'Narcotic Drugs' means coca leaves, opium, cannabis, and every substance neither chemically nor physically distinguishable from them." Paragraph 13 of the same section provides: " 'Cannabis' includes the following substances under whatever names they may be designated: (a) The dried flowering or fruiting tops of the pistillate plant Cannabis Sativa L., [Linne] from which the resin has not been extracted, (b) the resin extracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of such resin, or of such tops from which the resin has not been extracted."

Prior to the enactment of the Uniform Narcotic Drug act of 1935, the "Narcotic Drug Control law" of 1931 was

in force in this State. Section 3 of the former act was similar to section 2 of the later act except that the possession of "habit forming drugs" was prohibited. Paragraph 13 of section 1 of the former act provided: " 'Habit-forming drugs' means coca leaves, opium, cannabis indica, cannabis sativa, marijuana, or loco weed." Paragraph 12 provided: " 'Cannabis indica,' 'marijuana,' 'loco weed' or 'Cannabis sativa' includes any compound, manufacture, salt, derivative or preparation thereof and any synthetic substitute of any of them identical in chemical composition." The former act was repealed by the Uniform Narcotic Drug act of 1935. The offense charged is alleged to have taken place on January 18, 1937.

The People claim that the word "marijuana" is so well-known that this court will take judicial notice of its meaning; that it is defined in all standard dictionaries as a narcotic drug of the cannabis family, and is, therefore, included in the 1935 statute. It is to be observed that the word "marijuana," included in the 1931 statute, is omitted from the act of 1935. The narcotic drugs embraced in the act are specifically defined. If it be conceded that marijuana is Cannabis Sativa L., yet it is obvious that, in order to constitute an offense under the latter act, it must appear that the marijuana alleged to be possessed was from the dried flowering or fruiting tops of the plant, and that the resin had not been extracted. Possession of marijuana is not a criminal offense unless it is of the specific quality and kind defined by the statute. No such charge is contained in the information here. Nor is that essential element of the offense embraced in any exception or exemption which, by section 21 of the act, need not be charged in the complaint and which is a matter of defense. On the contrary, it is a positive factor which must be alleged as well as proved.

No rule of law is better settled than that an indictment or information must charge all the elements of the offense. As we said in *People* v. *Sheldon,* 322 Ill. 70: "An indict-

144

ment or information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute." The information here, put to that test, does not charge the defendant with any offense known to the law.

We said in *People* v. *Green,* 368 Ill. 242: "It is a rule, even in civil pleading, that if a complaint fails to state a cause of action the defect may be reached and the question raised on writ of error, even if there has never been any demurrer, motion for a new trial or motion in arrest of judgment. * * * The same rule applies to criminal pleading, and if an indictment is void the error may be reached in this court even though there has been a plea of guilty in the trial court." Because of our conclusion on this issue it is unnecessary to consider the other matters urged for reversal.

The judgment of the Appellate Court is reversed. The judgment of the municipal court is likewise reversed and the cause is remanded to the municipal court, with directions to discharge the defendant.

*Reversed and remanded, with directions.*