(No. 32945.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IVAN YEARGAIN, Plaintiff in Error.

*Opinion filed May 24, 1954.*

IVAN YEARGAIN, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JORDAN JAY HILLMAN, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error, Ivan Yeargain, was on January 28, 1952, tried and convicted at a bench trial in the criminal court of Cook County for an unlawful sale of narcotic drugs to a minor, which offense was found to have been committed on October 30, 1951. His motions for a new trial and in arrest of judgment were denied and he was sentenced to the penitentiary for a term of not less than five nor more than fifteen years. He comes here by writ of error on the common-law record alone.

Plaintiff in error's sole contention is that the indictment upon which he was convicted fails to state an offense under the Uniform Narcotic Drug Act, (Ill. Rev. Stat. 1951, chap. 38, par. 192.1 *et seq.*) hence the court was without jurisdiction and the judgment and sentence are void.

The indictment, consisting of two counts, charges in count 1, (omitting the formal parts,) that the defendant "On the 30th day of October, 1951 in said county of Cook and State of Illinois aforesaid, unlawfully, feloniously, wilfully and knowingly sold for lawful money of the United States of America, otherwise than as authorized in the Uniform Narcotic Drug Act of the said State of Illinois, then in force and effect, a certain narcotic drug to wit: cannabis, sometimes called marijuana, in the form of five cigarettes to a certain person who then and there was under 21 years of age, to wit: Lee Parker who then and there was of the age of 18 years." Count 2 is identical except that the word "dispensing" was substituted for the words "sold for lawful money of the United States of America."

Plaintiff in error contends that this indictment is insufficient under the holding in *People* v. *Sowrd*, 370 Ill. 140, wherein this court said, at page 143, "in order to constitute an offense under the latter act, [the 1935 statute,] it must appear that the marijuana alleged to be possessed was from the dried flowering or fruiting tops of the plant, and that the resin had not been extracted. Possession of marijuana is not a criminal offense unless it is of the specific quality and kind defined by the statute." On the authority of this case plaintiff in error contends the instant indictment does not state an offense because the specific quality and kind of cannabis or marijuana as defined by the statute was not alleged.

Subsection 13 of section 1 of the Uniform Narcotic Drug Act, in force and effect in 1935, (Ill. Rev. Stat. 1935, chap. 91, par. 157,) upon which the decision in *People* v.

*Sowrd* was rendered, reads as follows: " 'Cannabis' includes the following substances under whatever names they may be designated: (a) The dried flowering or fruiting tops of the pistillate plant Cannabis Sativa L., from which the resin has not been extracted, (b) the resin extracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of such resin, or of such tops from which the resin has not been extracted."

Subsequent to that decision this subsection defining "cannabis" was amended, and in 1951, at the time of the offense and indictment here, that subsection read as follows: " 'Cannabis' includes all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom) fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

A comparison of the wording of these two subsections readily discloses the inapplicability of *People* v. *Sowrd* to the present statute. Under the 1935 statute "cannabis" was defined as including the substances (a), (b) and (c), thereby making them an essential part of the drug regulated by the statute. Under the statute in its present form "cannabis" is defined as including "all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin;" and then provides it shall not include certain specified parts or derivatives thereof. Comparison of these two definitions shows that under the 1935 statute cannabis of a specific

quality and kind was subject to the prohibitions of the act, while under the statute as amended in 1949 all cannabis was subject to the act, excluding the specific exceptions.

Section 2 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1951, chap. 38, par. 192.2,) provides: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this Act."

Section 21 of the act, (Ill. Rev. Stat. 1951, chap. 38, par. 192.21,) provides: "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

Section 6 of division XI of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 716,) provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

Under the provisions of these statutes, in full force and effect at the time of the commission of the offense and the conviction of plaintiff in error, his contention is without merit. The indictment charging the sale of "cannabis" sufficiently described a narcotic drug as defined by statute, stated the offense in the terms and language of the statute creating the offense, and it was not necessary that the indictment negative the exceptions contained in the statute defining the regulated drug.

The judgment and sentence of the criminal court of Cook County are affirmed. *Judgment affirmed.*