(No. 35748.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. BEATRICE LYNUMN, Plaintiff in Error.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

WESTBROOKS, HOLMAN & E. F. JOHNSON, of Chicago, (CLAUDE W. B. HOLMAN, EVELYN F. JOHNSON, and RUSSELL R. DE BOW, of counsel,) for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Beatrice Lynumn, was tried by the court without a jury in the criminal court of Cook County on the charge of the unlawful sale, dispensing and possession of narcotics. She was found guilty of the charge and sentenced to 10 to 11 years in the penitentiary. From this judgment, defendant has sued out this writ of error.

.Defendant contends that the indictment should have been quashed; a new trial should have been granted; and the evidence was insufficient to establish guilt.

We turn first to the contention that the indictment was insufficient. Defendant was indicted in three successive counts, with the unlawful sale, dispensing, and possession, "otherwise than as authorized in the Uniform Narcotic Drug Act of said State of Illinois then in force and effect, a quantity (the exact quantity of which is unknown to said Grand

Jurors) of a certain narcotic drug, to-wit: cannabis, sometimes called marijuana, contrary to the Statute." Defendant argues that not all forms of cannabis are narcotic drugs, and the indictment must more specifically describe the type of cannabis involved. In support of this view, defendant cites *People* v. *Sowrd,* 370 Ill. 140. The *Sowrd case* was decided under the particular language of a prior act, (Ill. Rev. Stat. 1935, chap. 91, par. 157,) which was later amended. (Ill. Rev. Stat. 1957, chap. 38, par. 192.28—2.17.) In *People* v. *Yeargain,* 3 Ill.2d 25, we fully considered the *Sowrd case* and the subsequent statutory changes, and held that the language, "cannabis, sometimes called marijuana," sufficiently alleges a narcotic drug as defined by statute. We regard that case as conclusive here.

We next turn to the trial itself. The manner of the arrest of defendant and the nature of the proof are not unusual in narcotic cases. On January 17, 1959, one Zeno was arrested by police officers, Sims, Bryson, and Kobar, for the sale of and possession of narcotics. While in custody he agreed to "set somebody up" for the police. After phoning the defendant Lynumn, he went to her apartment with the three officers, and he was admitted. Zeno testified that he then gave defendant $28 and she gave him a package wrapped in newspaper. After 10 to 15 minutes Zeno left and gave the package to the police who examined it, discovering a crushed green plant. He then called to defendant, and as she came out into the hallway officer Sims grabbed her and placed her under arrest. They then went into her apartment where they made a search and took the $28 from her. She then admitted that she sold the package to Zeno, after the police had promised to recommend leniency. At the suggestion of the police, she then made a call to one Weaver requesting a half pound of marijuana. In twenty minutes Weaver appeared with a package containing a green substance and he was arrested. A green substance, allegedly in the package given to Zeno by defendant, was

tested chemically and microscopically and it was cannabis sativa, also known as cannabis, commonly referred to as marijuana. It was admitted in evidence over defendant's objection. The police officers also testified to certain admissions of guilt made to them by defendant on January 17, 1959.

Defendant Lynumn testified that Zeno came to her apartment to pay her $23 that he owed her, and $5 extra for keeping the money so long. She denied selling or giving anything to Zeno. She testified that she said she sold the package to Zeno, and made the call to Weaver only after the police had arrested her, told her she would lose her children and her aid to dependent children, and promised leniency if she would cooperate.

At the beginning of the trial, the court sustained a motion to suppress the $28 in currency taken from defendant at the time of her arrest. Defendant now argues that in light of that ruling neither Zeno nor officer Sims should have been permitted to testify. We see no merit in that contention. Independently of the search and seizure of the $28 both Zeno and Sims had knowledge of the fact that Zeno was given $28 by the police; when he left defendant's apartment he no longer had the money. Zeno, of course, had personal knowledge of whether or not he gave the money to defendent. After the motion to suppress, no evidence was admitted to show that the $28 was found in the possession of defendant after her arrest. The testimony of the witnesses was, therefore, of facts known to them independent of any possible illegal search and seizure of the $28. *People* v. *Albea,* 2 Ill.2d 317, relied on by defendant is inapplicable here. That case determined only that a witness discovered solely by an admittedly illegal search could not testify. In *Albea,* we reiterated what we said in *People* v. *Martin,* 382 Ill. 192, 200: "The principle seems clear that evidence obtained independently of the illegal search may be used against the defendants." We think that rule applic-

able here. Both the identity of the witnesses and the facts to which they testified were independent of the search of the premises.

Defendant further objects that the marijuana introduced as an exhibit was not sufficiently identified as being the same substance which defendant allegedly gave Zeno. We have reviewed the entire record as to testimony tracing the green substance from Zeno to officer Sims, to the police chemist, through analysis, and back to the court room. We think the chain was fully proved, and that the marijuana was properly introduced in evidence.

A further complaint is made that the court erred in admitting testimony of alleged oral admissions of defendant without proper statutory notice to defendant. (Ill. Rev. Stat. 1959, chap. 38, par. 729.) The notice to defendant stated the alleged admissions were made on January 18, while the proof showed the statements to have been made on January 17. The record clearly shows that defendant was not surprised by the error in dates, but in fact admitted the statements with the explanation that she made them after a promise of leniency. In this state of the record, we cannot see that the error in date could be prejudicial.

A review of the record does indicate, however, that strong suggestions of leniency were made to defendant subsequent to her arrest and prior to her admissions. Even in the absence of defendant's statements, there is clear proof by Zeno and the police officers that defendant gave Zeno a package containing marijuana. Upon a review of the entire record, we are convinced that the evidence fully supports the judgment of the trial court. While the character of Zeno was questionable, he was fully corroborated by the police officers and physical facts. In the absence of a jury, the credibility of the witnesses, the weight to be given their testimony, and the inferences to be drawn therefrom are for the trial judge, and his judgment will not be

lightly set aside. (*People* v. *Richardson*, 17 Ill.2d 253; *People* v. *Pride*, 16 Ill. 2d 82; *People* v. *Arnold*, 2 Ill. 2d 92.) From this record we cannot see that the trial judge could have reached any conclusion but one of guilt.

Defendant also complains that certain newspaper articles published between June 18 and June 21, 1959, contained alleged criticism of the trial judge by the State's Attorney, and that these articles in some way prejudiced defendant. It is sufficient answer to say that the trial of this case commenced after the publication of the articles, and defendant made no timely application for change of venue, but was content to submit her case to the judge without a jury. Nor do we find the slightest indication of prejudice on the part of the trial judge in the record.

We have examined numerous other allegations of error and find that they are of insufficient merit to justify further discussion. Suffice it to say that, on the entire record, the defendant received a fair trial and was proved guilty beyond a reasonable doubt. The judgment of the trial court must accordingly be affirmed.

*Judgment affirmed.*