## Commonwealth v. Cunningham

Before Keim and Feigus, JJ. (Specially Presiding, Tenth and Fourteenth Judicial Districts, respectively).

*Edward Fagan*, Assistant District Attorney, for Commonwealth.

*Linn B. Washington,* for defendant.

FEIGUS, J., December 11, 1964.—This case is before the Court en banc upon defendant's motion in arrest of judgment following his conviction upon a charge of possession of narcotic drugs following a nonjury trial before Feigus, J., specially presiding.

The narrow legal question for our determination is whether the possession of unplanted fertile marihuana seeds is violative of "The Drug, Device and Cosmetic Act" of September 26, 1961, P. L. 1664, et seq., 35 PS §780-1 et seq. The pertinent sections of the statute are the following:

"35 PS 780-2. Definitions

"(g) The term 'narcotic drug' means (1) opium; . . .; (3) marihuana; . . .

"(6) any compound, manufacture, salt, derivative or preparation of the substance referred to in clauses (1) through (5); . . ."

"35 PS §780-4 Prohibited acts

"(q) The possession, control, dealing in, dispensing, selling, delivery, distribution, prescription, trafficking in, or giving of, any dangerous or narcotic drug. . . ."

It will be noted that the statute does not contain a definition of the proscribed narcotic drug "marihuana." Being a botanical term, it has acquired a peculiar and technical meaning and should be construed accordingly: Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533. Webster's Third New International Dictionary defines it as follows:

"Marihuana . . . b: the dried leaves and flowering tops of the pistillate hemp plants that are the source of the drug cannabin and that are sometimes smoked in cigarettes with subsequent action of the drug on the higher nerve centers to produce psychic disturbances— compare Bhang, Ganja, Hashish."

It is referred to in Encyclopedia Britannica (1957 Ed.) under "Hemp" as "an annual (Cannabis Sativa)

propagated by seed produced by female plants." Significantly, the Federal legislation regulating traffic in drugs provides a more precise definition as follows:

"26 U. S. C. A. §4761:

"(2) The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; *the seeds thereof; . . .*; but shall not include . . . . . . . . *or the sterilized seed of such plant which is incapable of* germination." (Italics supplied.) See also 21 U. S. C. A. §176 A.

The Uniform Narcotic Drug Act also includes the seed of the plant in its definition of "cannabis":

"Section 217. 'Narcotic Drugs' means any of the following:

"(c) 'Cannabis' includes all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom) fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination."

See 38 Smith-Hurd Illinois Annotated Statutes §22-2, Illinois Narcotic Drug Act, July 11, 1957, Illinois Laws, 1957, p. 2569, §2-17; July 22, 1959, Illinois Laws, 1959, p. 1893, §1.

The uniform act has been adopted by 46 States; 91 A. L. R. (2d) 811. See also: 17 A. Am. Jur. 517; People v. Yeargain, 3 Ill. 2d 25, 119 N. E. (2d) 752.

The definition of the term "seed" is also germane. Webster's Third New International Dictionary defines it as follows: "Seed" . . . the fertilized and ripened ovule of a seed plant comprising a miniature plant

. . . and capable under suitable conditions of independent development into a plant similar to the one that produced it. . . . A propagative portion of a plant. . . ."

Moreover, when the words of a statute are not explicit, the intention of the legislature may be ascertained by considering among other matters (1) the occasion and necessity of the law; . . . (3) the mischief to be remedied; (4) the object to be attained; . . . : Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Commonwealth v. Emerick, 373 Pa. 388, 390; Commonwealth v. Jordan, 136 Pa. Superior Ct. 242, 249.

The Pennsylvania legislature had previously sought to exterpate the marihuana plant in its cultivated state in the enactment of the Act of May 26, 1939, P. L. 243, 3 PS §241, requiring the destruction of the growing plant to prevent it from going to seed and the seed from ripening. We deem these two legislative enactments cognate and in pari materia, having as their common object the protection of the public health, safety and morals: Commonwealth v. LaRosa, 42 D. & C. 34.

In our view, in the absence of a precise statutory treatment of the term, the botanical definition governs, and possession of any part of the plant, including fertile seeds obtained from the flower head, is illegal. The fertile seed is an integral part of the mature plant and is the means of propagating new plants. The severance of the seed from the grown plant does not ipso facto cause it to lose its identity as a part of the plant. Considering the tremendous propagative potentiality of each fertile seed in reproducing the plant and the havoc to be wreaked therefrom, it would be a stultification of the law to proscribe the growing or grown plant and at the same time legitimize the more dangerous unplanted fertile seed after its separation from the

mature plant. Statutes should receive a sensible construction, and should be interpreted if possible so that absurdity may be avoided: Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 229; Commonwealth v. Rankin, 158 Pa. Superior Ct. 1, 10.

We conclude that the Commonwealth has made out a violation of the statute prohibiting the possession of marihuana upon proof of defendant's possession of fertile marihuana seeds capable of germination.

### Order

And now, December 11, 1964, the motion ex parte defendant in arrest of judgment is overruled and dismissed. Defendant is directed to appear for sentence upon notice by the district attorney.