STATE of Missouri, Respondent,

v.

Rudy PAGE, Appellant.

No. 51491.

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Frank P. Motherway, Special Asst. Atty. Gen., St. Louis, for respondent.

J. Whitfield Moody, James H. Harrington, Legal Aid & Defender Society of Greater Kansas City, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant Rudy Page, jointly charged and tried with Buford Reed, was found guilty of unlawfully selling a narcotic drug. His punishment was assessed by the jury at imprisonment for ten years. The trial court subsequently remitted four years of the sentence, and defendant has appealed from the ensuing judgment. At trial defendant was represented by court appointed counsel, but on this appeal he is represented by the Legal Aid and Defender Society of Greater Kansas City which has filed a brief on his behalf.

From the evidence a jury reasonably could find that the following occurred. On June 11, 1963, Wilburn Wayne Creed reported to John C. Wilkie, Jr., a narcotics agent for the United States Bureau of Nar-

cotics, that defendant, known to Creed by the name of "Short Change," had offered to sell some marijuana to him. Wilkie went with Creed to meet defendant at a parking lot. After some negotiation between defendant and Wilkie, defendant said he would "send his man" to see Wilkie and talk about price. Defendant left, and immediately thereafter Buford Reed appeared and Wilkie purchased from him a "can" of marijuana for $25.00.

■ In his brief defendant challenges the indictment, the sufficiency of which we review without a challenge, and which may be challenged by defendant on appeal even though not challenged in the trial court. Supreme Court Rule 28.02, V.A.M.R. The other matters presented in his brief were not preserved for appellate review in the motion for new trial. However, defendant urges that they should be reviewed pursuant to Supreme Court Rule 27.20(c), V.A. M.R., because failure to do so "would be a manifest injustice." We shall review the challenge to the indictment, and we shall review the other matters presented in the brief to determine whether there occurred "Plain errors affecting substantial rights" from which has resulted "manifest injustice or miscarriage of justice," and which would, in the exercise of the discretion of this court, authorize corrective action.

Defendant's challenge to the indictment is that it charges him with selling marijuana but does not specify which portions or derivatives of the plant he sold. He then asserts that it is not unlawful to sell some portions or derivatives of the plant.

■ The indictment charged that on June 11, 1963, in Jackson County, Missouri, the defendant "did then and there sell to one John Wilkie, Jr., certain narcotics, to-wit: 95.850 grams of Marijuana, botanically known as 'Cannibis Sativa.'" Section 195.-020 (all statutory references are to RSMo 1959, V.A.M.S.) provides that it is unlawful for any person "to * * * sell * * * any narcotic drug, except as authorized in this law * * *." Narcotic drugs are defined in Section 195.010 to include "cannabis," and "cannabis" is defined to include "all part of the plant Cannabis Sativa L. whether growing or not; * * * but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, * * *" and certain other compounds and products. Defendant cites State v. Tevis, Mo.App., 340 S.W.2d 415, and quotes therefrom the following statement: "The general rule as to the contents of an information which charges an offense, to which there are exceptions negativing guilt, is that all such exceptions must be pleaded in the information when they occur as parts of the statutory definition of the offense, in all cases where, if such exception be omitted, the offense cannot be accurately described." We do not disagree with this general rule, but it has no application in this case. Defendant ignores Section 195.180 which provides that "In any * * * indictment, and in any action or proceeding brought for the enforcement of any provision of this law, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this law, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant." This statute authorized the indictment to be in the language used, and there is no challenge of its validity. See People v. Lynumn, 21 Ill.2d 63, 171 N.E.2d 17 (subsequently reversed for improper use of confession, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922); People v. Yeargain, 3 Ill.2d 25, 119 N.E.2d 752; and People v. Lee Foon, 275 N.Y. 229, 9 N.E.2d 847. This challenge to the indictment is without merit.

■ Defendant also contends that there was no "proof as to which portions of the plant or derivatives were sold." The proof was that the substance was marijuana which is known as cannabis, and cannabis is statutorily defined as all parts of the plant cannabis sativa except the mature stalks and certain products of the plant. There-

fore, when the proof was that a sale of cannabis occurred, reference was had to the parts of the plant defined as cannabis; not the parts excluded from that definition.

Defendant challenges Instruction 2, the verdict directing instruction, "because it does not require the jury to find that appellant 'knowingly' sold narcotics." A general objection was made by defendant to all instructions, but the only challenge to Instruction 2 in the motion for new trial, but not now specifically presented on appeal, was that "there was no evidence adduced that the defendant, Rudy Page, actually sold narcotic [drugs?] to witnesses on June 11, 1963."

Defendant did not present any evidence. The defense that the item which he arranged to be sold to John C. Wilkie was not known by him to be marijuana was not advanced either by a pleading or by evidence. Therefore, the issue presented is whether knowledge on the part of defendant that the item sold was a narcotic drug, as statutorily defined, is an essential element of the crime charged which the State is required to prove, and which the jury must find to exist even though the defendant has not denied such knowledge.

Section 195.020 does not include as an element of the offense, knowledge on the part of an accused that the item sold was a narcotic drug. " 'Whether or not criminal intent or knowledge is an element of a statutory crime is a matter of statutory construction to be determined in a given case by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature.' " City of St. Louis v. Williams, Mo., 343 S.W.2d 16. See also 22 C.J.S. Criminal Law § 30; 21 Am.Jur.2d Criminal Law § 91. In Shevlin-Carpenter Co. v. State of Minnesota, 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930, it was held that in the prohibition or punishment of particular acts, a State may in the maintenance of a public policy provide "that he who shall do them shall do them at his peril, and will not be heard to plead in defense good faith or ignorance." The power of eliminating mental intent or consciousness of wrongdoing as an essential element of a statutory offense has been held to be properly exercised with respect to laws prohibiting the sale of narcotics. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604. There the indictment charged an unlawful sale of a derivative of opium. A demurrer was sustained on the ground that the indictment did not charge that defendants sold the inhibited drugs knowing them to be such. After pointing out that the statute did not make such knowledge an element of the offense, it was held that the demurrer was wrongfully sustained, and the judgment was reversed. See also Wharton's Criminal Law and Procedure § 17. We find it difficult to conceive of any offense which so adversely affects public welfare and interest as the wrongful sale of narcotic drugs. This unquestionably justifies a State, in the exercise of its police power, to prohibit all sales thereof, except as specifically authorized, and to place on all persons the responsibility to see that they do not sell narcotic drugs unlawfully. Defendant does not challenge the authority of the State to create by statute an offense which does not include guilty knowledge as an element, and he does not contend that if the State can do so in some situations this is not one of them.

As previously pointed out, the indictment followed the language of the statute which did not include knowledge as an element of a wrongful sale of narcotics, and such indictment was not required to contain such allegation. United States v. Balint, supra; State v. Worley, Mo., 375 S.W.2d 44; State v. Virdure, Mo., 371 S.W.2d 196. Instruction 2, the verdict directing instruction required the jury to find every element of the crime as alleged in the indictment. We expressly do not rule in this case whether the verdict directing instruc-

tion must require a finding of knowledge on the part of the defendant that what he sold, or arranged to be sold, was a narcotic drug when lack of such knowledge is interposed as a defense by pleading or by evidence. What we do rule is that when no such defense is interposed, as in this case, it is not necessary that the verdict directing instruction require a finding of guilty knowledge when the indictment does not contain such allegation and is not required to do so. Under the circumstances of this case Instruction 2 was not deficient for the asserted reason.

■ Defendant challenges Instruction 5 which is the usual and frequently approved instruction which informed the jury that "all persons are equally guilty who act together with a common intent in the commission of a crime, and a crime so committed by two or more persons jointly is the act of all and of each one so acting; * * *." His challenge, not easily understood, is that the instruction was improper because Section 195.010 "has restricted the capacities in which a person may act to effect a statutory 'sale' so that the instruction permitted the jury to find guilt where a reasonable interpretation of the facts would have placed appellant outside the statutory capacities." Apparently reference is had to Section 195.010(29) which defines a "sale" as a barter, exchange, or gift or offer therefor, and each such transaction made "by any person, whether as principal, proprietor, agent, servant or employee." Defendant admits that an accessory may be tried and convicted as a principal, Section 556.170, but he asserts that this does not apply to Chapter 195 because Section 195.-010 "has not redefined the functions of principal, agent or employee," and if there is "a reasonable interpretation of the facts which would place defendant outside of the statutory capacities he has lacked the benefit of an instruction defining these capacities." He further argued that there is no testimony which "conclusively establishes" that he was a principal and that Reed was his agent, and there is no "conclusive testi-

mony" that the reverse was true. This is not the test. The evidence authorized a finding that defendant arranged for the sale by his agent Reed. Both defendant and Reed participated in the sale; defendant negotiating the sale and arranging for it, and Reed making the actual delivery and receiving payment. Instruction 5 properly advised the jury that persons so acting are jointly guilty of the offense charged.

■ Defendant next asserts that it was error to admit testimony as to prior sales and to permit the prosecuting attorney to refer to prior sales in his argument. There was no objection to the testimony, and it was not improper. John C. Wilkie, Jr. testified as follows: "I asked him [appellant] if we could do any business tonight. He said, 'I've got the same thing as we gave you before.' I said, 'A can?' And he said, 'yes.' I said, 'What about the price?' He said, 'It's going to cost you the same thing.' " The statements attributed to appellant by Wilkie were so much a part of the res gestae and so inextricably interwoven with the sales talk and negotiations being carried on that they tended to prove the commission of the offense charged, and were admissible. See 22A C.J.S. Criminal Law § 683, p. 741 et seq. For a statement of the general rule concerning the admission of such testimony, see also State v. Adamson, Mo., 346 S.W.2d 85, 87.

The oral argument of counsel is not contained in the transcript, and the allegation in appellant's brief does not prove itself. We note, however, that in the argument portion of his brief defendant sets out what purports to be a quotation of the oral argument to which objection is now made. We shall not set it out. It is sufficient to say that it does not appear that it was objected to at the time, and even if an objection had been made the argument was not improper under the circumstances.

From the above it is apparent that the indictment was sufficient, and that there was no plain error affecting substantial rights of defendant which would justify this

court in invoking Supreme Court Rule 27.20 (c). In fact, our review discloses that if all the matters presented in defendant's brief had been properly presented in a motion for new trial, none would have required or even authorized a reversal of the judgment.

We have examined all those matters on the record before us to be reviewed pursuant to Supreme Court Rule 28.02, V.A.M.R., and find no error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH and STORCKMAN, JJ., concur.

EAGER, P. J., concurs in result in separate opinion filed.

EAGER, Presiding Judge (concurring in result).

The majority opinion considered several matters which were concededly not preserved in the motion for new trial, and does so upon appellant's request to consider them as "Plain errors affecting substantial rights * * *" under Rule 27.20(c). Conceivably, the claim of error concerning Instruction No. 2 might have been so considered; the indictment is, of course, properly considered without specification of error. The other alleged errors considered in the opinion, namely, those concerning Instruction No. 5, the admission of evidence, and rulings upon the argument, cannot possibly be considered under Rule 27.20(c) without disregarding entirely the rules and procedure for the proper preservation of error upon appeal. I merely concur in the affirmance of the judgment.