THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN D. KRALL, Defendant-Appellant.

(No. 12618;

Fourth District—June 5, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield (Edward R. Green, Law Student, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant Melvin Krall was indicted for possession of cannabis in violation of section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(e)). Read in connection with the definitions set out in section 3 of the same Act (Ill. Rev. Stat. 1973, ch. 56½, par. 703), section 4 makes it unlawful to possess "marihuana, hashish and other substances

which are identified as including any parts of the plant Cannibas Sativa * * *." Defendant was convicted in a jury trial and appeals contending the State failed to prove the substance in his possession was Cannibas Sativa, as opposed to some other species of cannibas. We affirm.

There has been a rash of cases broaching this problem in recent years, many of them based on interpretation of 26 U.S.C. 4761, which defines marihuana as "* * * all parts of the plant *Cannibas sativa L.* * * *." Typically, the defense offered expert testimony that cannibas is polytypic (having more than one species) and argued that, without evidence as to the species of the confiscated material, the State had failed to prove possession of cannibas, in violation of the statute. See *United States v. Walton* (D.C. Cir. 1975), 16 Crim. L. Rptr. 2415; *United States v. Honneus* (1st Cir. 1974), 508 F.2d 566; *United States v. Lewallen* (W.D. Wis. 1974), 385 F.Supp. 1140; *United States v. Rothberg* (E.D. N.Y. 1972), 351 F.Supp. 1115; *United States v. Moore* (E.D. Pa. 1970), 330 F. Supp. 684; *United States v. Collier* (D.C. Super. 1974), 14 Crim. L. Rptr. 2501.

This court has considered the opinions in each of these cases, giving special attention to the testimony both supporting and opposing the claim that cannibas is polytypic. Without disputing the abilities or credentials of the experts who testified for the defense in those cases, we cannot conclude that it is well established by authoritative scientists that cannibas is polytypic.

The State in the instant case appended to its brief a resolution by the Criminalistic Section of the American Academy of Forensic Sciences which contends that the various types of cannibas sometimes called different species are in fact only variants of the same species, Cannibas Sativa. Both Dr. R. E. Schultes of Harvard University and Dr. William Klein of the Missouri Botanical Gardens, who testified for the defense in *Rothberg, Lewallen* and *Honneus,* admitted that the generally accepted opinion of botanists and taxonomists in America is that cannibas is monotypic. Illinois courts have also long regarded cannibas as monotypic, with the one species being Cannibas Sativa. See *People v. Yeargain,* 3 Ill.2d 25, 119 N.E.2d 752; *People v. Sowrd,* 370 Ill. 140, 18 N.E.2d 176.

■■ While courts may take judicial notice of scientific facts which have been well established by authoritative scientists and are generally accepted as irrefutable by living scientists (*Nicketta v. National Tea Co.,* 338 Ill.App. 159, 87 N.E.2d 30), defendant herein is asking this court to take notice—without any evidence in the record on the point and without having raised this issue at trial when the State could produce rebuttal testimony—of what is obviously still a hotly debated scientific issue. This we cannot do. The State established beyond a reasonable

doubt that Krall was in possession of the prohibited amount of marihuana. This court will not take judicial notice that marihuana consists of several species, some prohibited, others not, as long as that proposition does not enjoy well-established scientific acceptance.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.