**STATE of Missouri, Respondent,**

v.

**Bill HITCHCOCK, Appellant.**

**No. 45142.**

Missouri Court of Appeals,
Eastern District, Division Three.

May 31, 1983.

Thomas Motley, Hannibal, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES D. CLEMENS, Senior Judge.

Defendant Bill Hitchcock was charged with and found guilty of selling marijuana contrary to Section 195.020.1 RSMo. Pursuant to the verdict the court sentenced defendant to ten years in prison. The briefed issue here is whether the evidence showed defendant was the seller, as the state contends, or as defendant contends, merely a possessor of the marijuana.

■ Initially the state contends defendant has preserved nothing for review by failure to file motion for new trial until 28 days after judgment. True, but on our own motion we consider defendant's briefed points as plain error under VAMR 30.20.

■ At trial defendant admitted he had possessed but denied selling marijuana. He contends his penalty would have been less under Section 556.046.2 RSMo., conviction of included offense. We consider all the evidence.

State's evidence: Trooper James Lee in plain clothes met three marijuana users in a tavern. They discussed buying marijuana and drove to defendant's home in the trooper's car. Defendant joined them and directed them to the home of a reputed narcotics supplier. They stopped and defendant told them he'd need $50 an ounce. The trooper and the passengers gave defendant the money. He quickly returned and gave them the marijuana. Trooper Lee took his share and later had it chemically analyzed; it was marijuana.

Defendant testified: When the driver and three passengers arrived at his home one passenger came to his door and asked him if he wanted to go with the others to buy marijuana. Defendant agreed and said he wanted $5 worth himself. They drove as defendant directed. When they stopped outside the supplier's house the driver gave defendant $25, as did one of the passengers; another gave defendant $5 to which defendant added $5 of his own. Defendant made the $60 purchase, returned to the car and the marijuana was divided among the four in separate packets in accordance with the amount of money each had given him.

As said defendant contends here the evidence showed possession but not the sale of marijuana. Defendant testified he had taken the others' money, went alone to the supplier brought back the marijuana and delivered it in proportion to what they had paid him.

We hold this showed more than mere possession; it was a sale. Section 195.-010(30) RSMo. "includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." As ruled in *State v. Sykes*, 478 S.W.2d 387 l.c. 388 (Mo.1972) the word *sell* means "the acceptance of payment for and delivery of an article at a fixed price to be paid for the article."

*State v. Miles*, 599 S.W.2d 948 (Mo.App. 1980) upheld a narcotics sale conviction on facts akin to those here. After analyzing the roles of a buyer and re-seller of narcotics, the court summarized its affirmance stating: "The definition of the term 'sale' includes agents without distinction of whether a person is acting as agent for the seller or buyer."

We deny defendant's initial point of mere possession and take up his next one contending he was not shown to have the required intent to commit the offense of selling marijuana. He bases this intent argument on his own testimony, not the state's, that his supplier named Kenison was the principal and defendant only aided him. There was no evidence the other three users

knew or had any contact with Kenison from whom defendant got the marijuana.

In *State v. Page,* 395 S.W.2d 146[4, 5] (Mo.1965) the court in a narcotics case ruled:

"The power of eliminating mental intent or consciousness of wrongdoing as an essential element of a statutory offense has been held to be properly exercised with respect to laws prohibiting the sale of narcotics."

In citing that case in *State v. Boze,* 472 S.W:2d 35[2] (Mo.App.1971), we held:

"The question of whether intent or guilty knowledge must be shown is again a question of the intent of the legislative."

We deny defendant's argument that his conviction must fail for lack of positive showing of his intent.

We affirm.

CRANDALL, P.J., and STEPHAN and CRIST, JJ., concur.