OPINION OF THE COURT
James H. Fogel, J.
 These two unrelated cases, as well as several other cases that have been adjourned pending decision of these matters, raise the same question: whether the requirement that a criminal court accusatory instrument contain factual allegations may be satisfied by a statement that a defendant "acted in concert” with others, without specifying the defendant’s actions. The court concludes that such an allegation is not sufficient. A defendant may neither be prosecuted nor held on an instrument that does not contain specific factual allegations of his or her actions.
Defendant Torres was originally charged, together with two codefendants not now before this court, with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree by a felony complaint. The factual allegations relating to defendant’s conduct were as follows:
"[T]he defendants, acting in concert, did give undercover officer 2 glassines containing a white, powdery substance in exchange for U.S. currency. * * *
"Deponent also states that the defendants had in their dominion and control 2 galssines [sic] containing a white, powdery substance.”
The People subsequently reduced the charges to the misde *21 meanor of criminal possession of a controlled substance in the seventh degree and filed with the court a laboratory report indicating that the substance seized was heroin. Defendant has moved to dismiss the misdemeanor complaint on the ground that it fails to comply with the Criminal Procedure Law in that it does not "contain a statement * * * alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]) providing "reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]).
Defendant Moynihan was charged by felony complaint with attempted murder in the second degree, attempted robbery in the first degree, attempted robbery in the second degree and criminal use of a firearm in the first degree. The factual allegations in the complaint were as follows: "[T]he defendant acting in concert with other defendants did point a rifle at your informant and demand that your informant give defendants his wallet, and that the defendant acting in concert with other apprehended defendants, then fired shots from the rifle at your informant.” At his arraignment, defendant moved to dismiss the complaint for failure to comply with CPL 100.15 and 100.40.
In neither case are there any allegations in the complaints from which it may be determined what the individual defendants did. The allegation that a defendant "acting in concert” with others committed certain acts does not mean, it is conceded, that defendant personally committed each and every act charged. (Although a possible reading of the Moynihan complaint might be that defendant himself held the rifle and fired the shots assisted by accomplices, in fact the parties agree that defendant was not the gunman and is charged with the actions of a companion; the complaint must be so read.) Instead the "acting in concert” allegation means that defendant, by means unspecified, "solicit[ed], requested], command-fed] importunefd], or intentionally aide[d] such person to engage in such conduct.” (Penal Law § 20.00.) Indeed, the People concede "the allegation that defendant [Torres] was 'acting in concert’ indicatés nothing more that [sic] that she somehow participated in the drug sale.” The allegation that the defendants in Torres exercised "dominion and control” over narcotics is a similar legal conclusion devoid of facts on which the court can determine the basis for concluding that defendant possessed the drugs. Were the drugs, for example, in defendant’s pocket; were they in the pocket of a codefendant; were *22 they on the ground at defendant’s feet or were they hidden 100 feet away?
The court, therefore, is in the position of being asked to accept, without inquiry, the legal conclusion of the affiants of the complaints that the conduct that they observed or of which they were informed met the legal requirements for acting in concert under section 20.00 of the Penal Law. Not only does such an allegation fail to establish reasonable cause, but also it is not an allegation of "facts of an evidentiary character” at all. (CPL 100.15 [3].) Certainly a witness would not be allowed to testify to his or her conclusion that defendants were "acting in concert” or "exercised dominion and control” over property. Those are no more evidentiary facts than would be a bare allegation that a defendant committed the crime of robbery in the first degree, requiring the court to accept the affiant’s conclusion that whatever defendant did, it amounted to the crime alleged. The Criminal Procedure Law and, indeed, the Constitutions of the State of New York and of the United States require more.
The fundamental purpose of a complaint, since it may not form the basis of a prosecution (CPL 100.10 [4], [5]), is to secure the appearance of the defendant for subsequent proceedings. It is so obvious as to not require citation that a defendant may not be held in custody unless there is probable cause to believe he or she committed a crime. An arrest warrant may issue only where an impartial Magistrate determines that there is probable cause. Where a defendant is arrested without a warrant, the requirement that he or she be speedily brought before a Magistrate is to enable a speedy determination of whether probable cause to hold the defendant exists based upon sworn allegations of fact. (See, e.g., Williams v Ward, 845 F2d 374 [2d Cir 1988].) The Court of Appeals has been clear that the requirements of a complaint are identical to those of an arrest warrant, since an application for an arrest warrant is made by filing a felony or misdemeanor complaint. (People v Dumas, 68 NY2d 729, 731 [1986]; People v Alejandro, 70 NY2d 133, 137 [1987].)
An allegation that a defendant "acting in concert” with others committed certain acts clearly does not establish probable cause. No Magistrate would issue a warrant on such an allegation without requiring sworn testimony concerning what the accused actually did. A conclusion that defendant acted in concert might well be nothing more than that defendant was present and the arresting officer concluded that he or she was *23 somehow involved. In Dumas (supra) the Court of Appeals held that a bare unsupported factual conclusion by a police officer that the substance that had been seized was marihuana did not satisfy the requirements of factual allegations of CPL 100.40. A fortiori, a bare legal conclusion cannot be sufficient. The court clearly must review defendant’s actions for itself and not accept a witness’ conclusion. The complaints in the instant cases are devoid of any factual allegations whatever concerning defendants’ conduct. They do not begin to meet the requirement of CPL 100.40 that the factual allegations establish reasonable cause to believe that the defendants committed the crimes charged.
The People rely on the Court of Appeals decision in People v Lee Foon (275 NY 229 [1937]) in which the court upheld an information that charged the defendant with possession of a narcotic drug although the drug was not specified in the information. This reliance is misplaced. An information, at the time of Lee Foon, was not required to contain any factual allegations. (Code Crim Pro § 742.) The defendant in Lee Foon did not claim that there were not sufficient facts in the information, but that the instrument did not give him sufficient notice of the charges against him. The Court of Appeals held that any such defect could be cured by a bill of particulars, as it has more recently held with respect to insufficient specificity in indictments. (E.g., People v Iannone, 45 NY2 589 [1978].) The court has been clear, however, that this rule does not apply to deficient factual allegations in complaints. The court in Alejandro held that a bill of particulars can never cure the defect of insufficient factual allegations because the contents of a bill of particulars are necessarily hearsay by the prosecutor (supra, 70 NY2d, at 138).
In Torres, therefore, the complaint is defective and must be dismissed. (CPL 170.30 [1] [a].) In Moynihan, however, dismissal is not the appropriate remedy. Although the defect in the complaint cannot be cured by a bill of particulars, it could be cured by a preliminary hearing held pursuant to CPL 180.70. (People v Ferro, 11 Misc 2d 226 [Nassau Dist Ct 1974].) Indeed, there is no provision in the Criminal Procedure Law for the dismissal of a felony complaint on the ground that it is defective. (See, e.g., People v Edwards, 121 Misc 2d 505, 508 [Sup Ct, Erie County 1983].) Nevertheless, even if its defects are curable, the felony complaint in Moynihan remains defective. Until the defect is cured, the complaint cannot form the basis for holding defendant in custody or compelling him to *24 post security to obtain his freedom. As a matter of constitutional law, it is clear that a defendant cannot be held in custody in the absence of probable cause. Nor, it follows, can such a defendant be required to post bond to avoid incarceration. He must, therefore, as a matter of law, be released on his own recognizance. The court does not face the issue of whether a bench warrant could lawfully issue if defendant failed to appear on the adjourn date.
The complaint in People v Torres is dismissed. Sealing is stayed for 30 days to allow the People to file a superseding information. The motion to dismiss the felony complaint in People v Moynihan is denied; defendant must be released on his own recognizance.