OPINION OF THE COURT
Joan S. Kohout, J.
The respondent in this juvenile delinquency proceeding has *931 moved for a dismissal of the petition pursuant to Family Court Act § 315.1 on the grounds that it fails to comport with the requirements of Family Court Act § 311.2 and is violative of the New York Constitution and the United States Constitution. An oral decision was previously rendered on this motion, and this written decision affirms and clarifies the determination previously made. ,
The petition filed against the respondent Michael S. alleges that he committed acts that, were he an adult, would constitute the offense of petit larceny as defined by Penal Law § 155.25. The petition includes a supporting deposition made by a loss prevention officer employed by the store in question, alleging that the respondent acted as a lookout "by watching out for other people in the area” while a second youth standing close by took a Nintendo system and concealed it in his coat. Respondent maintains in his motion that a dismissal is required since this statement is conclusory in nature, and the petition and attached deposition fail to allege nonhearsay facts of an evidentiary nature sufficient to support all elements of the crime charged. Additionally, respondent asserts that the petition is defective because it fails to contain a specific nonhearsay allegation that the merchandise was taken without permission of the owner and not paid for.
It is well established that a valid and legally sufficient petition is a nonwaivable jurisdictional prerequisite to a juvenile delinquency proceeding. (Matter of Michael G., 93 AD2d 836; Matter of Isaac W., 89 AD2d 831.)
The requirements for a legally sufficient petition are contained in Family Court Act §§ 311.1 and 311.2. Contrary to the position argued by respondent, the statutory provisions contained in these sections are very different from the requirements for criminal misdemeanor accusatory instruments (see, CPL 100.15, 100.40). Moreover, the drafters of article 3 of the Family Court Act did not intend the CPL to apply to juvenile delinquency proceedings except by analogy, and then only when no specific procedures were outlined in the Family Court Act (Family Ct Act § 303.1). The general inapplicability of the CPL to juvenile cases is consistent with the distinct purposes of Criminal Court and Family Court. While the criminal justice system aims at punishing perpetrators and protecting society, Family Court is charged with the additional duty to provide rehabilitation to youthful respondents. (Family Ct Act § 301.1; see also, Family Ct Act § 141.) Additionally, the different constitutional standards which apply to alleged juvenile *932 delinquents as compared to adult defendants charged with crimes require specially tailored procedures (Family Ct Act § 301.1; see, Schall v Martin, 467 US 253; McKeiver v Pennsylvania, 403 US 528 [1971]; In re Gault, 387 US 1).
Respondent relies on the cases of People v Dumas (68 NY2d 729) and People v Alejandro (70 NY2d 133) in support of this motion. Both of these cases address questions of statutory criminal procedural interpretation relative to misdemeanor accusatory instruments and hold that it is a jurisdictional requirement in such proceedings that the accusatory instruments allege nonhearsay evidentiary facts demonstrating reasonable cause to believe that the defendant committed the offensé in question.
Family Court Act § 311.1 (3) (h) requires that a juvenile delinquency petition contain a factual statement supporting every element of the crime charged and respondent’s commission thereof. The statute specifically states that the facts alleged need not be "of an evidentiary nature” but must be sufficient to "apprise the respondent of the conduct which is the subject of the accusation”. Additionally, Family Court Act § 311.2 (2) requires that the factual portion of the juvenile delinquency petition along with the supporting deposition "provide reasonable cause to believe that the respondent committed the crime or crimes charged”. Finally, subdivision (3) of the same section requires that the allegations be non-hearsay in nature and that they be sufficient to support all elements of the crime as well as the respondent’s responsibility in the offense.
There is no requirement in the Family Court Act, however, that the presentment agency provide nonconclusory or evidentiary facts in support of its petitions. This is in sharp contrast to the CPL standard found in CPL 100.15 (3) and 100.40 (1) (c), which mandate that the allegations asserted be evidentiary in nature and therefore nonconclusory. It is these statutory provisions that the Dumas and Alejandro cases (supra) interpret and this court finds that these decisions are, therefore, inapplicable to juvenile proceedings brought under Family Court Act article 3.
Since there are no reported decisions to provide guidance on the issues raised here, the court applies a strict reading of Family Court Act §§311.1 and 311.2, and holds that the present statute does not require that evidentiary facts be contained in a juvenile delinquency petition. The essential standard under the statute is that the facts alleged must *933 provide satisfactory notice to the respondent of the crime charged and of respondent’s conduct in furtherance of that crime. The court also finds that this standard is consistent with basic due process rights under the State and Federal Constitutions which apply to juveniles, as well as the procedural safeguards contained in the Family Court Act including the right to a probable cause hearing for youths in detention, the right to a speedy trial, and the right to rehabilitation and treatment. These rights and benefits more than justify any reduction in the notice requirements that are set forth in the Family Court Act.
It is also noteworthy that the one reported post-Dumas juvenile delinquency case which addressed the sufficiency of a petition is consistent with this court’s finding that bare factual nonevidentiary allegations are satisfactory as long as they provide adequate notice to the respondent. In Matter of Lee M. (126 AD2d 645), the Appellate Division found that an allegation in a delinquency petition that the respondent forcibly stole property from the victim while being aided by another actually present was legally sufficient to support the charge of robbery in the second degree. Specifically, the court held (at 646) that the allegation that the respondent was being " 'aided by another person actually present’ ” was a legal conclusion, but was satisfactory to avoid a dismissal.
Finally, even if this court were to apply Dumas (68 NY2d 729, supra) and Alejandro (70 NY2d 133, supra) to this juvenile delinquency petition, an analysis of the reported decisions in the criminal area would support a denial of respondent’s motion. The reported cases reviewed by the court indicate that the prohibition against conclusory statements has been consistently applied only to legal conclusions or to conclusions/ opinions that would require expert interpretation. (People v Dumas, supra; People v Campbell, 141 Misc 2d 470; People v Torres, 141 Misc 2d 19; People v Martes, 140 Misc 2d 1034.) In contrast, conclusions which are not legal in nature have been permitted by courts in support of criminal information. (See, e.g., People v Gore, 143 Misc 2d 106.)
In conclusion, the court finds that the petition in this case is statutorily and constitutionally sufficient to place the respondent on notice of the charges against him. Respondent’s motion to dismiss is, therefore, denied in its entirety. The case shall be set for fact finding at the earliest possible time.