596 P.2d 1225 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Richard L. SANDOVAL, Defendant-Appellant.
No. 77-1027.
Colorado Court of Appeals, Div. II.
June 7, 1979.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
*1226 J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant appeals from convictions, entered upon jury verdicts, of two counts of felony menacing in violation of § 18-3-206, C.R.S.1973. We reverse.
Shortly after midnight on December 7, 1976, two police officers observed defendant in an alley in downtown Denver. Defendant subsequently turned and ran away from the patrol car, and the officers pursued him. They briefly lost sight of defendant, and drove around the corner where they saw him standing in the doorway of a shop. The officers then stopped their car, and defendant pointed a rifle at them. The officers got out of the car and were about to shoot at defendant when a pedestrian walked between them. Defendant then fled and was subsequently apprehended.
Defendant's theory of the case was that, because of intoxication, he was unable to form the specific intent necessary to commit the crime charged. There was evidence to support that theory.
We agree with defendant's contention that the trial court erred in its instruction to the jury on intoxication, and in refusing to give defendant's tendered instruction.
At the time of the incident in question, felony menacing was a specific intent crime, People v. Stout, Colo., 568 P.2d 52 (1977); cf. § 18-3-206, C.R.S.1973 (1978 Repl. Vol. 8), and therefore, intoxication was available as a defense to negate the requisite specific intent. People v. Lundborg, Colo.App., 570 P.2d 1303 (1977). See § 18-1-804, C.R.S.1973. Defendant's tendered instruction, which was in the language of Colo.J.I.Crim. 7:13, was a correct statement of the law, and was applicable to the facts of this case.
The People correctly state that the instruction given here was approved in Watkins v. People, 158 Colo. 485, 408 P.2d 425 (1965). However, the language of the intoxication statute was changed considerably with the enactment of the criminal code in 1971, compare C.R.S.1963, 40-1-9 with C.R.S.1963, 40-1-904 (1971 Perm.Supp.), and the pattern jury instruction was subsequently drafted to reflect the changes in the criminal code "as of September 1, 1972." See Colo.J.I.Crim. at p. 5. Thereafter, the Supreme Court, by order dated September 14, 1972, gave the pattern instructions its qualified approval, and in doing so, recognized that the new instructions were necessitated by the enactment of the 1971 criminal code. We conclude that the pattern instruction is proper and should be used in a case such as this. Thus, Watkins is inapposite.
We do not address defendant's other contentions of error because they are not likely to recur on retrial.
The judgment is reversed and the cause is remanded for a new trial.
ENOCH and VanCISE, JJ., concur.