The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard L. VIGIL, Defendant-Appellant.

No. 78–939.

Colorado Court of Appeals, Div. II.

Aug. 9, 1979.

Rehearing Denied Sept. 13, 1979.

Certiorari Denied Nov. 13, 1979.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Douglas H. Brown, Sp. Deputy State Public Defender, Colorado Springs, for defendant-appellant.

BERMAN, Judge.

The defendant, Richard L. Vigil, was charged with first degree kidnapping and first degree sexual assault. In a trial to a jury he was convicted of the lesser included offense of second degree kidnapping, and first degree sexual assault. Also, for purposes of sentencing, he was found to have committed a crime of violence. *See* § 16–11–309, C.R.S.1973 (now in 1978 Repl.Vol. 8). On appeal he contends that the trial court erred in refusing his tendered instructions on the affirmative defense of intoxication and on his theory of defense. We affirm.

Even if we assume, *arguendo*, that the trial court erred in denying defendant's tendered intoxication instructions, *see People v. Sandoval,* Colo.App., 596 P.2d 1225 (annc'd 1979), the error could not have been prejudicial to defendant. This is because the mental culpability requirement of both second degree kidnapping and first degree sexual assault is "knowingly," *see* §§ 18–3–302 and 402, C.R.S.1973 (now in 1978 Repl. Vol. 8), and therefore they are, by statutory definition, general intent crimes. Section 18–1–501(6), C.R.S.1973 (now in 1978 Repl. Vol. 8). Since voluntary intoxication is not a defense to a general intent crime, *see People v. Cornelison,* Colo., 559 P.2d 1102 (1977); § 18–1–804, C.R.S.1973 (now in 1978

Repl.Vol. 8), defendant could not have been prejudiced by any error involving the intoxication instructions.

■ Defendant further contends that the trial court erred in refusing to instruct the jury that:

"It is the further contention of the defendant that he did not knowingly commit the crime of Sexual Assault in the First Degree."

The trial court did instruct the jury that:

"It is the further contention of the defendant that he did not knowingly inflict sexual penetration on the alleged victim. . . ."

"If after considering all the evidence, you find that Mr. Vigil did not knowingly inflict sexual penetration on the alleged victim, you must find him not guilty of Sexual Assault in the First Degree."

The trial court also instructed the jury as to the elements of the crime of first degree sexual assault, and that the burden of proof was on the prosecution to prove the existence of all the elements of the crime beyond a reasonable doubt.

The instructions as given adequately presented defendant's theory of the case which was no more than a general denial of guilt. In fact, defendant's counsel acknowledged that his tendered instruction was "not substantially different" from the instruction given by the court. Hence, the trial court did not err in refusing to submit the instruction in question to the jury. *See People v. Akins,* 36 Colo.App. 337, 541 P.2d 338 (1975).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.