**STATE of Missouri, Respondent,**

v.

**Milton SMITH, Appellant.**

**No. 41743.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Robert E. Ahrens, Robert C. Babione, Sara T. Harmon, Leslie D. Edwards, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a two–year sentence for the offense of sodomy[1] imposed by the court in accordance with the jury's verdict of guilty. He was charged with flourishing a dangerous and deadly weapon as well as with sodomy. The jury acquitted the defendant of the former offense.

On appeal, defendant raises issue with the sufficiency of the evidence. As a consequence, the relevant facts must be recited. The state's case showed that the following occurred. On October 12, 1978, around 9:30 p. m., the prosecutrix went to visit a friend in the apartment complex located on Castle Lane in the City of St. Louis. The friend, a Miss Jones, was not at home but defendant, who lived close to Miss Jones, was in the hall talking with friends. The prosecutrix had known the defendant from work and had been to his house on prior occasions with other people. She had never dated the defendant nor had sexual relations with him. As defendant's friends left, he called out to the prosecutrix and invited her inside his apartment under the guise that he had something to show her in the bedroom. Once in the bedroom, defendant produced a knife, threw the prosecutrix on the bed, and told her to undress. She removed her clothes and placed them on the bed. Thereafter, defendant committed an oral act of sodomy on the prosecutrix. She resisted, but the defendant put the knife to her throat. The act of sodomy continued for several minutes. It was interrupted by a knock at the door. Defendant left the prosecutrix and went to the door. While left alone in the bedroom, the prosecutrix called a friend at the Wellston Police Station, a Ms. Sims. When defendant returned to the bedroom, he took off his clothes and then went into the living room to lie on the sofa. He told the prosecutrix to bring two beers from the refrigerator and the television set. The prosecutrix put on her clothes, except her underpants, and left the apartment. She went to a friend's house on Hickory Lane and the friend called the police. Police Officer Beffa responded to the call and took the prosecutrix back to defendant's house where she identified the defendant as the one who had sodomized her.

The state also produced Ms. Sims, who worked as a dispatcher for North Area Municipal Police Association. She testified that she received a call from the prosecutrix on October 12, 1978 at approximately 9:30 p. m. during which the prosecutrix stated that someone had a knife on her and that she needed the police to come to Castle Lane. Ms. Sims stated that the prosecutrix sounded "terrified."

Police Officer Beffa, testifying as part of the state's case, stated that he received a call around 9:45 p. m. on Hickory Lane. The prosecutrix was at Hickory Lane and accompanied him to Castle Lane where she identified the defendant. The police officer seized a butcher knife as evidence from defendant's sofa. At a period later in time, the police officer seized a pair of women's underpants.

In his own defense, defendant took the stand. He testified that he had met the prosecutrix three years earlier, that he had dated her, and that on several occasions they had had sexual relations. On October 12, 1978, defendant was having cocktails with two friends at his house when the prosecutrix knocked on the door and inquired whether she could use the restroom. Thereafter, the prosecutrix joined defendant and his friends in the living room. About fifteen minutes later, defendant and one of the guests left leaving the prosecutrix and a Ms. Ford in the apartment. When defendant returned about an hour later, he found the prosecutrix alone in the apartment, lying nude on his bed. Defendant left the prosecutrix in the bedroom and went into the kitchen to peel potatoes for his supper. About fifteen minutes later, the prosecutrix came into the living room and started knocking things over "because she had got drunk." Defendant went into the living room and asked the prosecutrix to leave. At that time, he threw onto the sofa the knife he had been using to peel the potatoes.

[1]. The applicable statute setting forth the offense is § 563.230, RSMo 1969.

Defendant called as a witness Ms. Ford, one of his cocktail guests. She recounted that the prosecutrix had hollered at the defendant's door to use his bathroom. She testified that shortly after defendant and the other guests left, she also decided to depart, leaving the prosecutrix alone at defendant's apartment.

As rebuttal, the state recalled Officer Beffa who testified that the prosecutrix did not appear to be drunk when he met her on October 12, 1978.

In defendant's sole point on appeal, he claims the state failed to produce sufficient evidence to support the conviction because the prosecutrix's testimony was unbelievable. Defendant points to alleged inconsistencies in the prosecutrix's testimony and the alleged inconsistent verdict as evidence that the prosecutrix's testimony was unbelievable. Defendant also includes in his point the allegation that the prosecutrix was an accomplice in the sodomy and therefore, because her testimony was inconsistent, it needed to be corroborated.

 Initially, we note that only one part of this many faceted point was addressed in defendant's motion for new trial: the claim of an inconsistent verdict. It is well established law in Missouri that an appellant cannot broaden his claim of error on appeal. By failing to raise in his motion for new trial the issues of inconsistencies in the prosecutrix's testimony and the lack of corroboration, defendant has failed to properly preserve these issues for our review. Rule 29.11(d) (1980).

The one issue properly preserved: the claim of error relating to the alleged inconsistent verdict is without merit. Defendant alleged that the verdict was inconsistent because the jury acquitted him on the flourishing charge, thereby disbelieving the prosecutrix's testimony that defendant held a knife at her throat and yet found him guilty of sodomy, thereby believing that he held the knife to her throat to force her to let him commit the act of sodomy.

 The underlying premise of defendant's argument, that the verdict on each count must be consistent with the other, fails to find support in the case law. *State v. Boyington*, 544 S.W.2d 300, 303 (Mo.App. 1976), *citing State v. Amerson*, 518 S.W.2d 29, 33 (Mo.1975) and *State v. Larkins*, 518 S.W.2d 131, 137 (Mo.App.1974). Moreover, defendant's argument must fail because there is no inconsistency in the verdict. "When a defendant is charged with committing two criminal offenses that involve different elements, a jury may find him guilty of one crime and acquit on the other charge." *State v. Thomas*, 452 S.W.2d 160, 164 (Mo.1970). A charge of flourishing a deadly weapon [2] differs radically from a charge of sodomy.[3] The charge of flourishing a deadly weapon pursuant to the instruction submitted required a finding that the defendant exhibited a deadly knife in the presence of the prosecutrix, in a "rude, angry and threatening manner," whereas the sodomy charge only required a finding that the act of sodomy occurred. Lack of consent as demonstrated by force or threats is not an element of sodomy. *State v. Russell*, 581 S.W.2d 61, 66 (Mo.App.1979). Therefore, the jury could believe both that the act of sodomy occurred and that the defendant failed to exhibit a deadly knife in a "rude, angry and threatening manner." We find no inconsistency in the jury's verdict.

As for the two remaining issues raised in defendant's point, we have reviewed the record and the law and determine that no manifest injustice has occurred.

Judgment affirmed.

SNYDER, P. J., and CRIST, J., concur.

---

2. Pursuant to § 564.610, RSMo 1969, currently codified at § 571.115, RSMo 1978.

3. Pursuant to § 563.230, RSMo 1969 currently codified at § 566.060, RSMo 1978.