STATE of Missouri,
Plaintiff-Respondent,

v.

Donald L. BEISHIR,
Defendant-Appellant.

No. 64133.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

Jerry W. Venters, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., John Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ALMON H. MAUS, Special Judge.

A jury found the defendant guilty of deviate sexual intercourse with his 7-year-old stepdaughter in violation of § 566.060.-1(2). As a persistent offender he was sentenced by the court to imprisonment for 25 years. By one of his seven points on appeal he asserts § 566.060 violates the state and federal constitutions. For this reason his appeal was transferred to this court. Mo. Const. art. V, § 3.

On September 13, 1980, the defendant and his wife Claudette lived in a house in Jefferson City. Her two daughters by a previous marriage, then 7 and 10 years of age, lived with them. After getting off work at 2:00 p.m. that day Claudette joined the defendant at a bar. After spending the afternoon drinking they went home. The girls were provided a McDonald's meal. The mother and stepfather, the latter accompanied by a six-pack, drove to Columbia for their evening meal. The little girls were left to fend for themselves.

The defendant and Claudette returned to Jefferson City for an evening of more drinking in local bars. At one the defendant scuffled with a patron who was said to have insulted Claudette. In the vicinity of midnight the defendant, leaving Claudette in a bar, returned to the house.

His two stepdaughters were sleeping in a downstairs bedroom. The younger girl testified he took her to another bedroom. There he removed her clothing and laid her on the bed. He removed his clothing, lay on the bed and forced, by hitting her, the child to sit on his chest. He touched her private parts with his hand and tongue. He forced her to touch his private parts with her hands and tongue. The older child awakened, heard the hitting and crying and surreptitiously left the house and went to the home of a neighbor. The police were called and soon arrived. The defendant answered his door naked. He was told the reason for the officers' presence. He said to let him put on some pants. He soon reopened the door clad in jeans. At first the defendant was docile, but later became belligerent. He attempted to choke one of

the officers and get his revolver. The youngest child was found in her bed, to which the defendant had ordered her, crying, wrapped in a sheet. The defendant does not question the sufficiency of the evidence.

The defendant's attack upon the constitutionality of the sodomy statute is not the same as the attack upon the old statute considered in *State v. Crawford,* 478 S.W.2d 314 (Mo.1972), cert. denied, 409 U.S. 811, 93 S.Ct. 176, 34 L.Ed.2d 66 (1972), nor as the attack upon § 566.060 considered in *State v. Hermanns,* Mo., 641 S.W.2d 768 (1982). The defendant's astute and diligent appointed counsel levies a new attack. He asserts the defendant is denied the equal protection of the laws and due process of law in violation of the Fifth Amendment and the Fourteenth Amendment to the Constitution of the United States and article I, § 18(a) of the Constitution of Missouri (1945) for two separately stated, but interdependent reasons. He correctly observes that § 566.060 does not expressly prescribe a culpable mental state in relation to the prohibited act. He notes that § 562.021.2 provides that, except as provided in § 562.026, "if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient." Then he asserts that one cannot commit a crime without a criminal intent. This is followed by the apparently very logical argument that a person cannot recklessly commit deviate sexual intercourse. Therefore, he reasons the statute does not adequately advise him of the nature of the crime. He further reasons that to "permit the conviction of a person for the offense of sodomy on the basis of 'recklessness' is tantamount to a conviction in the absence of any culpable mental state whatsoever." It is for these reasons he contends § 566.060 is unconstitutional. The state, with a superficial response, asserts that by reason of § 562.021.2 the mental state required for the commission of sodomy is "established if a person acts purposely, knowingly or recklessly"

and that is constitutionally sufficient. Neither argument is controlling. The ethereal and somewhat theoretical language of The Criminal Code, effective January 1, 1979, to a large measure drawn from The Model Penal Code, must be construed in the light of the realities of the criminal act condemned.

A criminal offense is usually defined in terms of an act that is committed with a culpable mental state. It is often said that a culpable mental state, such as an intent, with nothing more, cannot be made a crime. This proposition is preserved by that part of § 562.011 that reads as follows: "A person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act." However, the defendant's assertion that a crime must be a voluntary act committed with some designated mental state, be it maliciously, wickedly, purposely, knowingly or recklessly, is not correct. "Generally speaking, it is within the power of the legislature to declare an act criminal irrespective of the intent or knowledge of the doer. Due process is not violated by the fact that mens rea is not a required element of a crime, or the fact that a person is punished for an act in violation of the law, though ignorant of the facts making it so." 21 Am.Jur.2d Criminal Law § 138 (1981). This principle has found the following expression by the Supreme Court of the United States: "Still, it is doubtless competent for the States to create strict criminal liabilities by defining criminal offenses without any element of scienter—though even where no freedom-of-expression question is involved, there is precedent in this Court that this power is not without limitations." *Smith v. California,* 361 U.S. 147, 150, 80 S.Ct. 215, 217, 4 L.Ed.2d 205, 209 (1959). There is no need to burden this opinion with an extended discussion of such limitations and the doctrines of mens rea and crimes malum in se as distinguished from malum prohibitum. Suffice it to say there is no constitutional limitation that prevents a state from imposing strict criminal liability upon a voluntary act of sodomy upon a child less than fourteen years old. The

applicable principle has been succinctly expressed by this Court at an early date. "But, when an act forbidden by law is intentionally done, the intent to do the act is the criminal intent, which imparts to it the character of the offense; and no one who violates a law which he is conclusively presumed to know can be heard to say he had no criminal intent in doing it." *State v. Silva,* 130 Mo. 440, 464, 32 S.W. 1007, 1014 (1895). Also see *State v. McLarty,* 414 S.W.2d 315 (Mo.1967); LaFave & Scott, Criminal Law § 31 (1972).

This principle is yet recognized in The Criminal Code. Section 562.021.2 in part reads as follows: "Except as provided in Section 562.026 if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient." The portion of § 562.026 applicable to this case reads as follows: "A culpable mental state is not required ... if the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a *specific element of the offense.*" (Emphasis added). These sections are a restatement of the principles applicable under the prior law. "Whether or not criminal intent or knowledge is an element ... is a matter of statutory construction to be determined in a given case by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature." *State v. Page,* 395 S.W.2d 146, 149 (Mo.1965). The principles stated in decisions under the prior law are helpful in applying the applicable portions of The Criminal Code. *State v. McLarty,* supra. The principles usually applied are discussed at length in LaFave & Scott, Criminal Law, supra.

The Model Penal Code is based upon the premise that the requirement of a culpable mental state is to be considered in respect to each element of an offense. This is true in regard to whether or not a culpable mental state is required, as well as a determination of what culpable mental state is required. See Model Penal Code § 2.02, Comment (Tent. Draft No. 4, 1955). The portion of § 562.026 emphasized above makes it clear that premise is at least in part retained in The Criminal Code.

The crime for which the defendant was convicted is defined as follows: "A person commits the crime of sodomy if ... [h]e has deviate sexual intercourse with another person who is less than fourteen years old." § 566.060.1(2). As so defined, that offense consists of two elements, the voluntary physical act of deviate sexual intercourse and the fact that act occurred with a person who is less than fourteen years old. The language of that section construed in the light of the remainder of The Criminal Code, pre-code decisions, and the nature of the crime, "clearly indicates a purpose to dispense with the requirement of any culpable mental state" in regard to the voluntary physical act of deviate sexual intercourse.

This is established by several factors, including the following. The absence of any language in § 566.060 prescribing a culpable mental state. *State v. McLarty,* supra; LaFave & Scott, Criminal Law, supra. Most convincing is the utter absurdity of saying that to constitute a crime, the voluntary physical act of deviate sexual intercourse has to be committed "purposely" or "knowingly" or that it could be committed "recklessly." The pre-code decisions established that no such mental state was required in regard to this offense and the similar offense of rape. *State v. Tompkins,* 277 S.W.2d 587 (Mo.1955); *State v. Lebo,* 339 Mo. 960, 98 S.W.2d 695 (1936). The pre-code decisions not requiring such a mental state and the absence of such a requirement in the code definition of the offense are highly significant. These considerations were factors in establishing the efficacy of § 562.026 and that The Criminal Code did not add a new mental element to the offense of first degree felony murder. *State v. Boggs,* 634 S.W.2d 447 (Mo. banc 1982); *State v. O'Neal,* 618 S.W.2d 31 (Mo. 1981). *State v. Green,* 629 S.W.2d 326 (Mo. banc 1982) may be distinguished from those cases and from this case upon several bases

including the nature of the offenses and elements involved.

The second element in the crime of sodomy is that the act of deviate sexual intercourse occurs without the consent of the other person or the other person is less than fourteen years old. The Model Penal Code treats the two alternative factors of consent and age, present in the crime of rape as well as deviate sexual intercourse, the same. The Model Penal Code indicates that the act of rape or deviate sexual intercourse must be accompanied with the culpable mental state of recklessness as to the consent or age of the victim. Put another way, under The Model Penal Code a defendant who reasonably believes that his victim consents or that a child is over a stated age has a defense. Model Penal Code § 2.02, Comment (Tent. Draft No. 4, 1955); ALI Model Penal Code and Commentaries § 213.6, Comment (1980). Model Penal Code § 213.-6(1), which provides that it is no defense that a defendant reasonably believed a child to be older than ten, is viewed as a limitation upon an otherwise existing defense. See Comment 2 to that Section. The Model Penal Code contains no provision regarding a defendant's belief of the capacity of an incapacitated victim of rape or sodomy. That Code declares such acts offenses only if the defendant knows the victim is incapacitated. Model Penal Code § 213.1(2)b and § 213.2(1)b.

The Criminal Code of Missouri includes § 566.020 dealing with a defendant's belief as to incapacity or age of a victim of a sexual offense defined in Chapter 566. These offenses include rape by intercourse without consent or with one who is less than fourteen years old, § 566.030, and sodomy by deviate sexual intercourse without consent or with another person who is less than fourteen years old, § 566.060. However, it does not follow that § 566.020 is a limitation upon otherwise existing defenses. The two codes differ in decisive respects. Section 566.020 can equally well be construed as providing defenses not otherwise available or as an alternative to defenses otherwise available. That Section is to be construed with the section defining the of-

fense in determining if § 566.060 "defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense." § 562.026.

Under pre-code law, it was clear that a defendant was not required to have a culpable mental state in regard to the consent or age of the victim of rape. *State v. Houx*, 109 Mo. 654, 19 S.W. 35 (1892). As to these factors, the crime of rape was a crime of strict liability. *State v. Tompkins*, supra; *State v. Lebo*, supra. It has been so held in a majority of other states. *Hentzner v. State*, 613 P.2d 821 (Alaska 1980); *People v. Brocklehurst*, 14 Cal.App.3d 473, 92 Cal. Rptr. 340 (1971); *State v. Booth*, 169 N.W.2d 869 (Iowa 1969); *Hatfield v. Commonwealth*, 473 S.W.2d 104 (Ky.1971); *People v. Brewer*, 100 Mich.App. 194, 300 N.W.2d 491 (1981); *State v. Haywood*, 2 Wash.App. 109, 466 P.2d 859 (1970). This court has not yet determined if The Criminal Code has added a mental element of recklessness as to the consent or age of a victim of the crime of rape or made such a mental state an element of deviate sexual intercourse.

In regard to the similarly defined offense of rape, verdict-directing instructions that contain no reference to a culpable mental state have been approved. *State v. Pollard*, 588 S.W.2d 212 (Mo.App.1979). Requested instructions adding "wickedly and feloniously" to instructions submitting sodomy have been held properly refused. *State v. Collins*, 587 S.W.2d 303 (Mo.App.1979). In dictum, it has been said "whereas the sodomy charge only required a finding that the act of sodomy occurred." *State v. Smith*, 609 S.W.2d 720, 722 (Mo.App.1980). In regard to an offense of rape, to which The Criminal Code was applicable, this Court has declared: "In rape, purpose and motive are irrelevant. As stated in *State v. Tompkins*, 277 S.W.2d 587 (Mo.1955). 'If the evidence showed that there was carnal knowledge, force and the commission of the act, no intent is requisite other than that evidenced by the doing of the acts constituting the offense.'" *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981).

However, the doctrine espoused by The Model Penal Code has been followed in two decisions approving instructions submitting the defendant's belief his victim had consented as a defense to the crime of rape. *State v. Foster,* 631 S.W.2d 672 (Mo.App. 1982); *State v. Dighera,* 617 S.W.2d 524 (Mo.App.1981). There was dictum to the effect rape could be committed recklessly in *State v. Gullett,* 606 S.W.2d 796 (Mo.App. 1980). In passing, it must be noted the instructions so approved were said to be MAI–CR2d 2.37.2, instructions designed to submit the defenses provided in § 566.020. The instructions were in fact drawn from MAI–CR2d 2.37.1. They submitted as a defense the defendant's belief, whether reasonable or not. See MAI–CR2d 2.37.1, Note on Use 5.

In this case the court need be concerned with the issue of a mistake concerning consent only as it may be tied in with the issue of mistake concerning age. However, it must be observed that it seems incongruous to define forcible rape and forcible sodomy as being accomplished "without that person's consent by the use of forcible compulsion", §§ 566.030.1(1) and 566.060.1(1), and yet authorize a verdict of not guilty upon the defendant's belief of consent, reasonable or not. The defense provided by § 566.020.1 is dependent upon a reasonable belief the victim was not incapacitated and consented. This defense, as was the similar pre-code defense, *State v. Helderle,* 186 S.W. 696 (Mo. banc 1916), is based upon a belief concerning the capacity of the victim. Had the legislature intended that a belief, reasonable or not, the victim consented be a defense, § 566.020.1 would have been unnecessary.

■ Those considerations aside, the defendant's contention that the statute unconstitutionally provided that he act with the culpable mental state of recklessness in regard to his belief concerning the age of his stepdaughter has been decisively answered. Section 566.020.2 provides: "Whenever in this chapter the criminality of conduct depends upon a child's being under the age of fourteen, it is no defense that the defend-ant believed the child to be fourteen years old or older." In applying that Section, the Comments to corresponding § 11.020 of the Proposed Criminal Code for the State of Missouri are of particular importance in determining the intent of the Legislature. *State v. Anderson,* 515 S.W.2d 534 (Mo. banc 1974). Those Comments include the following: "This section sets out the special rules for mistake as to incapacity and age in the sexual offenses and, as to these elements, the general provision of Code § 7.050(1) [now § 562.031] would not apply." In applying a new criminal code remarkably similar to The Criminal Code of Missouri, the Supreme Court of Kentucky has said: "We have carefully considered these sections of the Penal Code and remain firm in our belief that the carnal abuse of a child is a crime without regard to the reasons or the intent with which it was done, so that an instruction such as the one under consideration in this case should not be given." *Isaacs v. Com.,* 553 S.W.2d 843, 845 (Ky.1977). The crime of deviate sexual intercourse with a child under fourteen years of age as defined by § 566.060.2 is a crime of strict liability. *State v. Fuentes,* 91 N.M. 554, 577 P.2d 452 (1978). The defendant's attack upon that section is without merit.

■ The defendant next complains the trial court erred in admitting two pictures showing bruises upon the face of the 7-year-old victim. He argues those pictures were inadmissible because they are evidence of another crime of assault and were prejudicially inflammatory and irrelevant. The fact the defendant brutally assaulted the child was a crime committed in the continuing ordeal of deviate sexual intercourse and was properly admitted even though it was another offense. *State v. Williams,* 603 S.W.2d 562 (Mo.1980). The pictures were indeed prejudicial to the defendant. They show the natural revulsion of the child to the defendant's perverted acts and corroborate her testimony as well as that of her sister. They were relevant and properly admitted. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980), cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

When the defendant was arrested, the children were taken to the hospital. The Police Juvenile Officer was summoned. When the mother finally went home she found a note saying the children were at the hospital. At the hospital the police told her they accused "Ducky" of molesting the younger child. When asked on direct-examination if the child at that time told her what happened she replied, "She don't want to talk about it." In response to a subsequent question the mother said the child had never told her about it. On cross-examination the mother repeated her statement that the child never told her what happened. She was later asked if she did not make a statement to the Juvenile Officer that the child did tell her what happened. The mother first said "No." Then when asked if she ever made such a statement to the Juvenile Officer the mother replied, "I don't remember it."

The Juvenile Officer was recalled and over the objection of the defendant was permitted to state: The mother had contacted the hospital and followed the officer and the girls to the Juvenile Center; at the Juvenile Center the mother stated the younger girl did relate to her the revolting details of the assault.

■ The defendant urges this was error and cites: "The rule in regard to impeaching a witness on the ground of contradictory statements is that the attention of the witness must be called to the time, place, and circumstances, and the person to whom made." *State v. Bennett,* 87 S.W.2d 159, 162 (Mo.1935). The principal purpose of the rule is to prevent surprise and give the witness an opportunity to make any explanation deemed appropriate. *State v. Ivicsics,* 604 S.W.2d 773 (Mo.App.1980). The mother was acquainted with the Juvenile Officer and recalled that she did talk to the Juvenile Officer the night in question. The attention of the mother was clearly directed to a statement made to Juvenile Officer Carew. In the context of the questions there could be no doubt the mother knew the prosecutor was referring to a statement made the night in question. The mother

expressed no hesitation in repeatedly saying the child never told her and that she could not recall making the statement to Juvenile Officer Carew. Under these circumstances, admitting the impeaching testimony was not error. Compare *State v. Graves,* 588 S.W.2d 495 (Mo. banc 1979); *State v. Vaughn,* 501 S.W.2d 839 (Mo. banc 1973).

The defendant's next two points concern the competency as witnesses of the victim and her sister who were 8 and 11 years old at the time of the trial which was slightly less than one year after the offense was committed. The trial court properly conducted an in-chambers voir dire examination of each child. Counsel were also permitted to inquire to test that competency. The trial court held they were competent witnesses.

■ The defendant first argues their competency was not established. In doing so he is critical of the questions asked by the court and emphasizes some inconsistencies in their testimony. The questions asked by the court were very appropriate. If the defendant thought other questions would be helpful, he was afforded an opportunity to ask them. The inconsistencies cited by the defendant are minor and do not vitiate the competency of the girls as witnesses. *State v. Jones,* 558 S.W.2d 286 (Mo. App.1977). It is significant that each child was asked an adroitly worded leading question that could easily have lead to a response that their father told them what to say. Yet, each child clearly and unmistakably stated their father had told them to tell the truth. The criteria for determining the competency of those children as witnesses have been clearly enunciated. *State v. Singh,* 586 S.W.2d 410 (Mo.App.1979). The trial court painstakingly determined that each child met those criteria. That determination is to be reversed only if it constitutes an abuse of discretion. *State v. Young,* 477 S.W.2d 114 (Mo.1972). The record establishes that such determination was eminently proper.

■ The defendant then contends that in the voir dire examination he should have been permitted to present the testimony of

the victim's mother that the children had told her if they did not "tell the truth as they were supposed to," they would be whipped. The defendant contends the words "supposed to" established they had been told what to say. Assuming that to be true, the testimony of the mother would have been directed to the issue of the children's credibility rather than their competency. The conduct of the voir dire examination is within the control of the trial court. *State v. Statler,* 331 S.W.2d 526 (Mo.1960). The trial court did not abuse its discretion in not permitting the voir dire examination to develop into a trial of the credibility of the children as compared to the credibility of their mother.

The defendant next contends the trial court erred in not instructing on what he asserts are the lesser included offenses of sexual misconduct under § 566.090.1(2) and sexual abuse under § 566.100.1(2). The sections of Chapter 566, Sexual Offenses, are indeed difficult of construction to determine if the elements of one offense are included in another offense or to determine the extent to which those sections provide alternate offenses from which a prosecutor may choose his charge. A related problem is the determination of the extent to which a lesser offense as a preliminary sexual act is merged into any ultimate prohibited act. It is not necessary that such questions be considered in resolving the issue the defendant has raised. Those interested may consult excellent reviews and discussions in *State v. Harris,* supra; *State v. Brydon,* 626 S.W.2d 443 (Mo.App.1981); *State v. Gibson,* 623 S.W.2d 93 (Mo.App.1981).

■ If the offenses in question were to be considered "additional offenses" for the same act, it was "within the prosecutor's discretion to decide whether to charge appellant for sodomy, deviate sexual assault, sexual misconduct, sexual abuse, or any other crime appellant may have committed .... " *State v. Hermans,* supra. Further, even if the elements of sexual misconduct and sexual abuse are included in the offense defined in § 566.060, the trial court did not err in its instructions. This court has

recently clearly set forth the evidentiary limitations upon the necessity of instructing upon lesser included offenses. Paraphrasing Judge Bardgett, "[t]he only evidence as to the offense came in the state's case from the victim. (In this case corroborated by circumstances). There was no testimony in the state's or the appellant's case which mitigated the offense or provided a different version of it." *State v. Olson,* 636 S.W.2d 318, 322 (Mo. banc 1982). This being true, the trial court did not err in not instructing on the offenses asserted to be lesser included offenses. *State v. Olson,* supra.

■ By his final point the defendant contends the trial court erred in not giving, as he requested, MAI–CR2d 3.301.1 authorizing the jury to consider his voluntary intoxication in determining if he acted purposely or knowingly. He accompanies this contention with an ingenious common-sense argument that purposely and knowingly are indeed elements of the physical voluntary act of deviate sexual intercourse.

Prior to The Criminal Code, this state had been firm in its resolution that voluntarily being drunk could not serve as a defense to or in mitigation of a criminal act. *State v. Richardson,* 495 S.W.2d 435 (Mo. banc 1973). However, The Criminal Code does include § 562.076.1(1). This section authorizes the instruction only when evidence could negative the existence of the mental state of purpose or knowledge. Neither of such mental states is an element of deviate sexual intercourse. An instruction patterned on MAI–CR2d 3.301.1 was properly refused. This action comports with the decisions of virtually every other state in this nation. *Henry v. United States,* 432 F.2d 114 (9th Cir.1970); *People v. Vigil,* 43 Colo.App. 121, 602 P.2d 884 (1979); *State v. Booth,* supra; *Hatfield v. Commonwealth,* supra; *People v. Brewer,* supra; *Steele v. State,* 189 Tenn. 424, 225 S.W.2d 260 (1949); *State v. Geer,* 13 Wash.App. 71, 533 P.2d 389 (1975). The judgment is affirmed.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., and SEILER, Senior Judge, concur.

BILLINGS, J., not sitting.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.