STATE of Missouri,
Plaintiff-Respondent,

v.

Charles E. BEAN, Defendant-Appellant.

No. 51183

Missouri Court of Appeals,
Eastern District,
Division Ten

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1986.

Application to Transfer Denied Dec. 16, 1986.

Debora Lambdin Stockhausen, St. Louis, for defendant-appellant.

John Munson Morris, Paul LaRose, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Charles E. Bean, Sr., was found guilty by a jury for unlawful possession of a concealable firearm in violation of § 571.070 RSMo

Cum.Supp.1984 and, having also been found a prior and persistent offender, was sentenced to eight years imprisonment. The judgment is affirmed.

The sufficiency of the evidence is not in dispute. On May 5, 1985, two St. Louis police officers responded to a report of a shotgun being fired in the vicinity of the Cabanne Courts apartments in the City of St. Louis. After alighting from their patrol vehicle, they encountered defendant who removed a .38 caliber revolver from his pocket and threw it to the ground. The officers placed defendant under arrest. At trial, the State placed in evidence judicial records establishing that defendant had pleaded guilty to second degree burglary on August 16, 1984, and was sentenced to one year in the St. Louis Medium Security Institution, with jail time allowed.

Bean's sole point on appeal avers trial court error in giving M.A.I.–CR.2d 31.28 because the instruction failed to require an essential element of the crime in that it did not require the jury to find any culpable mental state.

 A designated mental state is not required in every statute defining a crime. *See State v. Beishir*, 646 S.W.2d 74 (Mo. banc 1983). Section 562.021.2 RSMo 1978 provides that a culpable mental state is required except as provided in § 562.026. Section 562.026 RSMo 1978 provides in part: "A culpable mental state is not required ... [i]f the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense." "Whether or not criminal intent or knowledge is an element ... is a matter of statutory construction to be determined in a given case by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature." *Beishir*, 646 S.W.2d at 77 (*quoting State v. Page*, 395 S.W.2d 146, 149 (Mo.1965)).

The legislature pointedly refrained from including any requirement of culpable mental state when it enacted § 571.070, RSMo Cum.Supp.1984. The legislature has determined that possession of a concealable firearm by one who has, within the preceding five years, pled guilty to or has been convicted of a dangerous felony, as defined in § 556.061 RSMo Cum.Supp.1984 ("armed criminal action, arson, assault, burglary, causing catastrophe, felonious restraint, forcible rape, forcible sodomy, kidnapping, voluntary manslaughter, murder, robbery or the attempt to commit any of these felonies") presents a serious threat. The underlying purpose of § 571.070 protects citizens of Missouri from the violence of dangerous felons. Considering the subject matter of the statute and the language employed, this court concludes that a culpable mental state is not required to be proven in a prosecution under § 571.070.

 The instruction upon which appellant's sole claim of error focuses, M.A.I.–CR.2d 31.28, closely tracks the language of § 571.070; and appellant's point is, therefore, without merit.

The judgment is affirmed.

SIMON and KELLY, JJ., concur.