STATE of Missouri, Respondent,

v.

Stephon WISHOM, Appellant.

No. 51261.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer Denied March 11, 1987.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury for unlawful possession of a concealable firearm. § 571.070.1(1), RSMo (Cum.Supp. 1984). He was sentenced to five years' imprisonment. We affirm.

Section 571.070 provides that it is a crime to possess a concealable firearm within five years of being convicted of or pleading guilty to a dangerous felony. The jury found defendant had in his possession a .357 magnum pistol, a concealable firearm, and he had pled guilty to the crime of burglary second degree, defined as a dangerous felony in § 556.061, RSMo (Cum. Supp.1984), within the last five years. The following instruction (MAI–CR2d 31.28) was given by the court.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about January 6, 1985, in the City of St. Louis, State of Missouri, the defendant had in his possession a .357 magnum pistol, a concealable firearm, and

Second, on November 29, 1983, the defendant pled guilty to the crime of burglary second degree,

then you will find the defendant guilty of unlawful possession of a concealable firearm.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction 'concealable firearm' means any firearm with a barrel less than 16 inches in length, measured from the face of the bolt or standing breech.

Defendant asserts error in that the MAI form does not require the jury to find defendant possessed any culpable mental state (purposely, knowingly or recklessly). Defendant admits the statute under which defendant was charged, § 571.070, does not, on its face, prescript any culpable mental state. Defendant asks for review under the plain error rule. Rule 30.20.

An affirmance is mandated by *State v. Bean*, 720 S.W.2d 21 (Mo.App.1986). In *Bean*, under similar facts, the court held a culpable mental state need not be proved in a prosecution under § 571.070.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.