STATE of Missouri, Respondent,

v.

Darrell E. MOSBY, Appellant.

No. WD 39834.

Missouri Court of Appeals,
Western District.

June 21, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Sean D. O'Brien, Public Defender, Alice E. Eakin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and SHANGLER and TURNAGE, JJ.

NUGENT, Presiding Judge.

Defendant Darrell Mosby appeals his conviction by a jury for possession of a concealable firearm and his sentence to two years' imprisonment, that sentence to run concurrently with a previous sentence for which he was on parole.

We affirm.

On February 12, 1987, at about 7:40 p.m., Darrell Mosby was delivering papers for the Kansas City Star. Mr. Mosby turned down McGee Street in the wrong direction; two police officers met his car going the wrong way. Mr. Mosby turned around and the police officers followed him for a short distance before stopping him for the traffic violation of going in the wrong direction on a one-way street.

The officers called in defendant's license number and found that he was on parole from a robbery conviction in 1982. They asked for his driver's license and asked him to step out of his car and walk back to the police car. He did so.

While the defendant was with Officer Sharman, Officer Atchison removed a .25 caliber unloaded gun from under the front seat. The defendant was then arrested and charged with unlawful possession of a concealable firearm.

Mr. Mosby testified at trial that he did not know the gun was in the car. His wife testified that she had purchased the gun in January after their home had been burglarized and that when she showed the gun to her husband, he told her that he could not have a gun in the house because he was on parole. She testified that she was going to get rid of the gun and for that reason had put it in her car but had not told her husband that it was there.

Mr. Mosby also testified that he usually drove a Monte Carlo to make his paper deliveries but that it had broken down that evening and he had returned home and transferred his papers to his wife's car, a blue Cadillac, to complete his deliveries.

Officer Sharman testified that when Officer Atchison pulled the gun out of the car, defendant Mosby said that he had lent the car to a friend and that the gun must be his.

Mary Lou Greene, a dispatcher for the Kansas City Star, testified that Mr. Mosby generally drove a "clunker" and only occasionally drove the blue Cadillac. She also testified that Mr. Mosby had called her the night before the trial and asked her to testify that he did not drive the blue Cadillac to work.

Defendant asserts only one point of error on appeal—that the trial court erred in refusing his offered instruction defining the term "possession" under § 562.011.3 [1], because possession is a necessary element of the crime of unlawful possession of a concealable firearm.

We review the evidence in the light most favorable to the state and disregard all evidence to the contrary. *State v. Greathouse,* 627 S.W.2d 592, 596 (Mo.1982).

MAI–CR3d 331.28 sets out the proper method for instructing the jury on unlawful possession of a concealable firearm. MAI–CR3d 331.28 reads:

(As to Count ___, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [date], in the (City) (County) of _____, State of Missouri, the defendant had in his possession a [Describe the firearm.], a concealable firearm, and

Second, [Insert one of the following. Omit brackets and number.]

[1] that on [date during the 5 years preceding the date of possession] the defendant (pled guilty to) (was convicted of) (was confined for having committed) the crime of _____,)

[2] that at such time, the defendant was a fugitive from justice in that he had been charged with the commission of the crime of [Insert name of crime.] and (was (fleeing) (concealing himself) (had (fled) (concealed himself)) for the purpose of avoiding arrest,)

then you will find the defendant guilty (under Count ___) of unlawful possession of a concealable firearm.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

1. All sectional references are to sections of the

Revised Statutes of Missouri, 1986.

As used in this instruction, the term "concealable firearm" means any firearm with a barrel less than 16 inches in length, measured from the face of the bolt or standing breech.

If you do find the defendant guilty (under Count ____) of unlawful possession of a concealable firearm, you will assess and declare one of the following punishments: [Insert range of punishment as directed in MAI–CR3d 304.02.]

In the present case the trial court offered Instruction No. 5, which follows MAI–CR3d 331.28.

Defendant argues that the term "possession" must be defined and that even though § 571.070 does not set out a culpable mental state, the court should infer that a culpable mental state is an element of the crime of possession of a concealable firearm. § 571.070(1), which defines the elements of possession of a concealable firearm says:

1. A person commits the crime of unlawful possession of a concealable firearm if he has any concealable firearm in his possession and:

(1) He had pled guilty to[,] or has been convicted of[,] a dangerous felony, as defined in section 556.061, RSMo, or of an attempt to commit a dangerous felony, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a dangerous felony, or confined therefor in this state or elsewhere during the five-year period immediately preceding the date of such possession....

In *State v. Bean,* 720 S.W.2d 21 (Mo. App.1986), the Eastern District of this court addressed this issue directly. In that case police officers were called to an apartment complex after shots were fired. When they encountered Charles Bean, he drew a .38 from his pocket and threw it on the ground. The officers placed him under arrest; at trial he was found to be a prior and persistent offender. On appeal Bean argued that the trial court erred because the instruction failed to require an essential element of the crime—a culpable mental state.

The court found, at 22, that a "designated mental state is not required in every statute defining a crime" and "that a culpable mental state is not required to be proven in a prosecution under § 571.070." *See also State v. Wishom,* 725 S.W.2d 627 (Mo. App.1987).

As in *State v. Bean,* the instruction given in the present case tracks the language of § 571.070. Accordingly, we affirm the judgment of the circuit court.

All concur.